LUCIUS PAIGE *v.* THE FULLERTON WOOLEN COMPANY.

## Contract. Waiver.

The plaintiff entered into a verbal contract with the defendants, to perform a piece of work, for a specified price, and it was at the same time agreed that the verbal contract should be reduced to writing; the plaintiff informed the defendants that unless this was done he should not do the work by the job. The contract never was written out, but the plaintiff went on and performed a large portion of the work, in accordance with the verbal contract, and as if it were, and in the expectation that it would be, reduced to writing, as agreed. *Held,* that this operated as a waiver of his right to have it so written, and that he could not thereafter repudiate the entire contract, and charge by the day for what he had done.

BOOK ACCOUNT. The disputed items in the plaintiff's account, were charges for labor upon a dwelling house of the defendants, performed by the plaintiff, in the years 1847 and 1848, in reference to which the auditor reported the following facts. In August, 1847, the parties entered into a verbal contract, by which the plaintiff agreed to do all the wood-work of a house, which the defendants were then building, and for which they were to furnish the materials, for the sum of nine hundred dollars; this being the plaintiff's proposition, which the defendants accepted. It was at the same time agreed that the contract thus made should be properly reduced to writing, and the plaintiff said to the agent of the defendants, with whom he contracted, that he should not do the work by the job unless their agreement was reduced to writing, that he might know what was to be done. The plaintiff commenced work on the wood part of the house, on the 12th of August, 1847, and continued it until July, 1848, and during that time he employed other workmen, procured them boarded where he chose, and took the general supervision and direction of the wood-work of the building, underletting portions of it, by the job, to other persons to do for him. The labor of the men so employed, was paid for, by the defendants, from time to time, as called for, and regularly charged over to the plaintiff on the defendants' books. The plaintiff admitted that he went on with the work, until sometime in the month of April, 1848, when a large part of it had been completed, as if by the contract, and under the expectation that he should have one.

The disputed items in the defendants' account, were the charges for payments made to men for work upon the house, under the plaintiff's direction, as above mentioned. The auditor reported that if, upon the above facts, the plaintiff was entitled to recover, *per diem*, what he reasonably deserved to have for his services, notwithstanding the contract, the balance due to him would be $354.86; but that, if the contract was to govern and bind the parties, there was nothing due. The county court, May Term, 1853,— COLLAMER, J., presiding,—rendered judgment, upon the report, for the defendants. Exceptions by the plaintiff.

*S. Fullam* and *J. F. Deane* for the plaintiff.

*L. Adams* for the defendants.

The opinion of the court was delivered by

BENNETT, J. The only question in this case is, whether the plaintiff was entitled to charge for his services by the day, or whether the special contract must govern the rate of compensation. From the facts reported, and especially from the fact that the plaintiff underlet portions of the work, it is evident the parties supposed it was to be done under a special contract,—and it seems the plaintiff admitted, before the auditor, that he went on with the job, until a large portion of the work was done, as if by the contract, and with the expectation that he was to have one.

The auditor does find that in August, 1847, the parties made a verbal contract, specifying the manner in which the work should be done, and fixing the compensation at nine hundred dollars. Although it was then agreed that this verbal contract should be reduced to writing, which was never done, yet this will not warrant the party in repudiating the verbal contract, and charging by the day, as the auditor finds a contract was made, and that the charges in dispute, for labor and board, were done and furnished by the plaintiff, in the progress of executing his part of the verbal contract. The contract was not, by the law, required to be in writing, and the plaintiff having gone on, under the verbal contract, operated as a waiver of his right to have it reduced to writing. Though he might have refused to have gone on until the contract was put in writing, yet as he did not, he cannot now repudiate it and charge by the day.

The plaintiff's charges must, then, be governed by the contract, and no question is raised in argument in regard to what should be the effect of the plaintiff's having abandoned the job before it was finished, upon his right to compensation; we, therefore, affirm the judgment of the county court without considering it.

Judgment affirmed.