## WILLIAM H. CONGDON v. JOHN DARCY.

### Contract. Practice.

The plaintiff and K. made a verbal contract with the defendant to build a house for him at a stipulated price, and they were to furnish a plan and a bill of the timber. The contract was to be reduced to writing if the defendant desired it, which he afterwards did. Afterwards, K. notified the defendant that he should not be a party to the contract, but that the plaintiff would go on with it alone; and at the same time K. showed the defendant the plan which the plaintiff had drawn, and gave him a bill of timber which the plaintiff had made at the defendant's request. Afterwards, said contract never having been reduced to writing, the plaintiff and defendant made another contract, identical in terms with the other, but they alone were parties thereto, and it was agreed that K. should reduce it to writing, and they appointed a day to meet and sign it. K. reduced it to writing, but the defendant refused to sign it, or to permit the plaintiff to go on under it, and employed other help to build h s house, and therein used the bill of timber which the plaintiff had made out. *Held,* that said last named contract was not binding upon the parties until reduced to writing and signed by them, and that until then, either party had a right to refuse to enter upon the performance thereof.

*Held,* also, that the making of the plan and the bill of timber, and the delivery of the latter to the defendant by K., could not have constituted part performance of the contract between the plaintiff and defendant alone, conceding that such contract had been completed, because they were made and delivered as part performance of the first contract.

The supreme court will not recommit a referee's report, where the ground of recommittal involves a trifling amount.

ASSUMPSIT.   The case was referred, and the referee reported the following facts :

" Early in May, 1872, the plaintiff and one William Kent had negotiations with the defendant in reference to building a house for the defendant, the defendant to furnish the lumber and all materials ; and in furtherance of such negotiations, the plaintiff and Kent went to Mt. Holly to the defendant's residence, to look over the lot on which the house was to stand, and the lumber of which it was to be constructed.   The parties then separated, without coming to any agreement or contract.   Subsequently, the defendant wrote the plaintiff two letters in reference to the matter, and therein stated the price he was willing to pay for the job.   After the receipt of said letters, the plaintiff went alone to Mount Holly, and had further negotiations with the defendant, and agreed upon terms as to the price to be paid for the construction of the house, the quality and style of work, and when he should be paid, and all the details of the bargain, leaving open only the question whether the contract should or should not be reduced to writing, which was to be as the defendant desired.   In a short time after this meeting, the plaintiff received the following letters from the defendant :

' MOUNT HOLLY, May 21, 1872.

' W. H CONGDON, ESQ.,

Dear Sir : I wish to have the contract between us, in writing. You can have it all written by the time I get there ; then, if satisfactory, it won't take long to sign it.   I will be to East Wallingford next Saturday, at 3 o'clock, P. M.   I wish to have Mr. Kent there at the time.   Yours respectfully,          JOHN DARCY.'

' MOUNT HOLLY, May 23, 1872.

' W. H. CONGDON, ESQ.,

Dear Sir : I don't think I will be ready for you to commence work a Monday.   It may discommode you considerable ; if so, we will arrange it, probably, when we meet a Saturday.   My planting hangs back, and I cannot neglect it.

Respectfully yours,          JOHN DARCY.'

" At the time of the meeting last above referred to, it was understood between the parties that the defendant was to go to East Wallingford, where the plaintiff and Mr. Kent both lived, and they were to put the contract in writing, if the defendant so desired ; and the defendant requested the plaintiff, in the mean time, to make out a bill of timber required for the house.   The contract price for building the house as thus talked of, was to be $275, and all expense of the bill of timber, or of any plan, was included in

that sum. On the 25th of May following, the defendant went to East Wallingford and found the plaintiff absent, but saw Mr. Kent, who informed the defendant that he should not be a party to the contract, but was to work for the plaintiff in case he did the work. Mr. Kent at that time gave the defendant the bill of timber that the plaintiff had made out for him, and also showed him the plan of the house, drawn by the plaintiff, and from which the bill of timber was made. At the hearing, the plaintiff claimed that he informed the defendant at the second meeting at Mount Holly, that Mr. Kent was to have no part in the contract; but I find that it was not until so informed by Mr. Kent himself, that the defendant fully understood that Kent was not to join the plaintiff in the contract. After this information, the defendant took said bill of timber, and subsequently used the same in the construction of his house. Afterwards, on the 28th of May, the defendant was again at East Wallingford, and after a talk with the plaintiff and Kent, then agreed to enter into the same contract with the plaintiff alone, and it was then agreed between him and the plaintiff that Kent should reduce the agreement to writing, and that on a day specified, the defendant would come to East Wallingford again, and sign the contract and carry the plaintiff and his tools to his house. The contract was drawn up by Kent as agreed upon by the parties. The defendant came to East Wallingford on the day appointed, and though the plaintiff was ready on his part to comply with and sign the contract, the defendant refused to sign the same, or to permit the plaintiff to perform the work ; and subsequently employed other help to perform the job in question.

" From the foregoing facts, the counsel for the plaintiff claim as matter of law, that the contract was complete and entire, and that the signing was an independent agreement, and that the making out by the plaintiff of the bill of timber and the plan, and the acceptance and use of the bill of timber by the defendant, constituted a part performance of the contract, and rendered the defendant liable for such damages as the plaintiff sustained in consequence of the defendant's refusal to comply with the contract.

" The counsel for the defendant claimed as matter of law, and wished the same referred to the court, that all negotiations entered into by the defendant, prior to the time he learned that Kent was not to be a party to the contract, were not binding upon the defendant ; and that the subsequent entering into the same agreement with the plaintiff alone, was not aided by any previous netiations ; that it being a contract that the parties agreed should be

put in writing, it was not complete until signed, and that either party could rescind without liability, at any time before signing.

"If the court shall-be of opinion that said contract was complete, and the plaintiff entitled to recover for damages sustained in consequence of a refusal on the part of the defendant to comply therewith, then I find that the plaintiff is entitled to recover the sum of $42.50, with interest thereon from the 15th day of September, 1872. If the contract was not complete and binding upon the defendant till signed, then that the defendant is entitled to recover his costs."

The court, at the September term, 1873, rendered judgment on the report for the plaintiff; to which the defendant excepted. The plaintiff filed a motion in this court to recommit the report, the ground whereof appears in the opinion.

*Walker & Goddard*, for the defendant.

A conversation between two parties agreeing upon the details. of a contract, with the understanding that the same shall be put in writing and signed by them before entering upon the performance thereof, does not make a complete binding contract. To make it so, requires the execution of the writing, unless subsequently waived by the acts of the parties. Chit. Cont. (5th ed.) 9; *Woods* v. *Edwards*, 19 Johns. 205; *Mactier* v. *Frith*, 6 Wend. 103; *Paige* v. *Fullerton Woolen Co.* 27 Vt. 485. Without the execution of the writing in the case, the defendant could not have maintained a suit against the plaintiff for refusing to go on with the job, for the reason that the contract was incomplete, and so *vice versa*. There was no waiver of the provision for a writing to be executed; and either party could withdraw from his proposition and refuse to complete the contract, without liability.

The plaintiff and Kent elected to withdraw from the first arrangement; and giving the defendant a bill of timber at the time of Kent's withdrawal, by Kent, cannot be construed in any way into part performance of a contract, for neither of them so considered it, and the referee does not find it was given or received as such. As either party could insist on the contract being reduced to writing before commencing under it, so either party

62

could withdraw from his proposition. It was, most clearly, not a completed contract, and no action can be sustained on it. *Paige* v. *Fullerton Woolen Co., supra.*

*C. H. Joyce*, for the plaintiff.

We claim that here was a complete contract as to the building of the house, and that the matter of reducing it to writing was a separate and distinct matter, not at all connected with the building contract, but was left entirely optional with the defendant. The breach of that agreement to have the contract reduced to writing, could not avail the defendant as a defence to this action for the breach of the contract to build the house. But the referee finds that it was left optional with the defendant, whether or not he would have the contract reduced to writing ; and he also finds that the contract was written, but the defendant refused to sign it. In any view then, there has been no breach on the part of the plaintiff. Hence, the plaintiff is entitled to recover, under the rule established in *Cummings* v. *Blaisdell*, 43 Vt. 382 ; whether the defendant knew at the time he entered into the contract with the plaintiff, that Kent was out or not.

Again, we insist that the defendant, in the arrangement he made with the plaintiff after he found out the plaintiff was going to do the job alone, made no new contract, but was a mere assent on his part to take the plaintiff alone instead of the plaintiff and Kent. The bill of lumber was delivered to the defendant *after* Kent informed him that he was not a party to the contract, and *before* the defendant agreed that the plaintiff might go on alone. Yet the defendant used the bill a long time after that, and after he rescinded the contract. In this way, the defendant not only adopted all the terms of the contract, but all that had been done under it. The plaintiff claims that this acceptance of the bill of lumber, after the plaintiff had been substituted in the contract for the plaintiff and Kent, and before the defendant had procured the contract to be reduced to writing, was a waiver on his part, and he could not afterwards insist upon it. The acceptance of the bill of lumber being a part performance of the contract, the plaintiff is entitled to recover for a breach of it. *Paige* v. *Fullerton Woolen Co.* 27 Vt. 485.

But in any view, the plaintiff would be entitled to recover for making the bill of timber, as he was requested to do so by the defendant, and the defendant accepted and used it.

The opinion of the court was delivered by

Ross, J.　The referee has found that the contract for the construction of the house was, by the agreement of the parties, to be reduced to writing. It was not a perfected contract so long as the acts of reducing it to writing and of signing it, remained to be done. While these acts remained to be performed, the contract was incomplete and inoperative to bind the parties. Until these acts were performed, either party had the right to refuse to enter upon the performance of the contract. *Paige* v. *Fullerton Woolen Co.* 27 Vt. 485. The finding of the referee that by the previous agreement between the plaintiff and Kent and the defendant, it was optional with the defendant whether he would have the contract put in writing, cannot avail the plaintiff, inasmuch as that agreement was abandoned because Kent refused to become a party to it. The agreement for the contract for a breach of which the plaintiff seeks to recover, although relating to the same subject, and identical in terms with the agreement for the contract between the plaintiff and Kent of the one part and the defendant of the other part, differed from it in the parties thereto ; and hence, if reduced to writing, would have been a contract separate from, and independent of, the contemplated contract between the plaintiff and Kent and the defendant. The referee has found that the bill of timber and plan of the house, though they were made out by the plaintiff, were delivered to the defendant by Kent, while the negotiations were pending for the contract with the plaintiff and Kent for building the house. They, therefore, cannot constitute a part performance of the contract between the plaintiff and defendant, if it should be conceded that such a contract had been completed. Although they were made and delivered at the request of the defendant, they were made and delivered as a part performance of an anticipated contract, to which Kent afterward refused to become a party ; so that neither the plaintiff alone, nor the plaintiff and Kent jointly, could recover reasonable compensation for the performance of these acts.

A party receding from negotiations and refusing to be bound by them, cannot recover for the performance of acts which would have constituted a part performance of an entire contract which would have resulted from the negotiations if perfected. If they had been delivered by the plaintiff at the request of the defendant, they would not have rendered the contract operative between them, because the acts of reducing the contract to writing and of signing it, still remained to be performed, and, for that reason, there was no perfected, unwritten contract, which, by a part performance, could be taken from the operation of the statute of frauds. As the defendant refused to sign the contract when reduced to writing, if these acts had been performed pending the negotiations between them, the plaintiff could have recovered reasonable compensation for their performance; not because they would have constituted part performance of a contract, but because they were done at the request of the defendant. In that case they would not have enabled the plaintiff to have recovered damages for not being allowed to erect the house, inasmuch as the defendant was never legally bound to permit him to erect the house. Hence the plaintiff cannot recover on the facts found by the referee. The plaintiff has filed a motion to have the case sent again to the county court, and recommitted to the referee to find the further fact that at the time the plaintiff and defendant agreed upon the terms of the contract which was to be reduced to writing and signed by them, he furnished the defendant an additional bill of materials or lumber, which would be required in erecting the house. If the plaintiff had proved this fact, and the referee had found and stated the same in his report, as we have seen, it would not aid the plaintiff to recover damages for not having been allowed to erect the house, as he had never completed the contract, so that he had the right to enter upon the erection of the house. The greatest effect it could have, would be to allow the plaintiff to recover reasonable compensation for making the additional bill, which would, if the referee should find the fact as claimed by the plaintiff, be too trifling in amount to warrant a recommittal of the case to the referee.

Judgment of county court is reversed, and judgment rendered on the report for the defendant.