LININGER & METCALF COMPANY V. GEORGE E. WEBB ET AL.

FILED MARCH 17, 1897. No. 7153.

1. **Guaranty:** INSTRUCTIONS. The liability of a guarantor cannot be extended beyond the exact terms of his contract, and an instruction confining the deliberations of the jury thereto, in an action against a guarantor, is not erroneous.

2. ———: PRINCIPAL AND AGENT: SALES. The contract of agency herein *held* to apply to the indorsement and guaranty of the agent only upon such notes as were received by him in sales of the goods, wares, and merchandise of his principal.

3. **Trial:** VERDICT. Where the evidence shows liabilities in different amounts upon separate defendants, a verdict specifically assessing the amount due plaintiff from each defendant is not ground for reversal of a judgment rendered in accordance therewith.

4. **Contracts:** COST OF WRONGFUL ATTACHMENT. The contract herein *held* not to create a liability to plaintiff from defendant for expenses and fees expended in an action of replevin by plaintiff to recover its property wrongfully taken from defendant under a writ of attachment upon a claim against him individually.

5. **Instructions:** REPETITIONS. It is not error to refuse to instruct the jury upon a point already covered by the instructions of the court.

6. **Guaranty:** SUFFICIENCY OF EVIDENCE. The evidence examined, and *held* to sustain the verdict rendered.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J. *Affirmed.*

*S. P. Davidson,* for plaintiff in error.

*T. Appelget, contra.*

HARRISON, J.

The plaintiff commenced this action in the district court of Johnson county to recover certain sums alleged to be due it from the defendants under and by virtue of a written contract entered into by and between the plaintiff and George E. Webb, of defendants, whereby the last named party became the agent of the plaintiff for the sale of articles of merchandise in which it was dealing. The amounts were alleged to be due plaintiff by reason of the alleged failure of the agent to fulfill in certain particulars the conditions of the contract of agency. The liability of J. G. Cowden, of defendants, was predicated upon the following agreement, which appeared on the back of the contract of agency:

"For value received, the undersigned do hereby guaranty the faithful and full performance by the party of the second part to this contract of all the agreements and engagements therein entered into by the said party of the second part."

The portions of the petition in which the causes of action specifically appear are as follows:

"Plaintiff further avers that under and in pursuance of said contract said G. E. Webb began business as the agent of the plaintiff for the sale of plaintiff's goods, wares, and merchandise at Tecumseh, Nebraska, and that as such agent he received a large amount of goods, wares, and merchandise from said plaintiff, which were shipped to him at Tecumseh; that he sold goods from time to time under and in pursuance of said contract, but plaintiff avers that many of the notes which said George E. Webb, as such agent, took for said sales, instead of being given by good responsible parties, as provided by said contract, were signed by parties who were financially

worthless, and that said notes remained wholly uncollectible.

"Plaintiff further avers that among said notes that are wholly uncollectible, and which have not been collected, is one signed by Charles Hollburg, dated November 30, 1889, due March 1, 1890, bearing ten per cent interest, for $8; also a note signed by J. R. Peak, dated October 15, 1889, due April 15, 1890, for $39, bearing interest from its date at ten per cent per annum; also a note signed by G. H. Greer, dated February 1, 1890, for $60, bearing interest at ten per cent per annum from its date; also one note signed by C. J. Ferguson, dated January 29, 1890, due April 1, 1890, for $20.50, bearing interest from its date at ten per cent per annum. All said notes, though long since due, have not been paid, and the same are entirely uncollectible from the makers thereof, as said makers are each and all financially worthless, and there is now due plaintiff from said defendants, in and by virtue of said contract and the guaranty indorsed thereon, the sum of two hundred and twenty-two and nine-100 dollars, and interest thereon from November 19, 1892, at ten per cent per annum.

"As a second and further cause of action, this plaintiff further alleges that said defendants are indebted to said plaintiff, under the provisions of said contract and the guaranty thereon indorsed, in the sum of $7.20, paid by the plaintiff for the collection of the note taken by the said Webb in pursuance of said contract against one Myron Yates, indorsed by said Webb. Said collection was made on the 3d day of June, 1891.

"As a third cause of action, plaintiff further avers that said defendants are indebted to plaintiff in the further sum of two hundred and one 55-100 dollars, being for attorney's fees, costs, and expenses incurred by the plaintiffs in prosecuting a replevin suit against the sheriff of Johnson county, Nebraska, which suit was made necessary by reason of the goods, wares, and merchandise belonging to the plaintiff, in charge of said Webb as said

agent, having been attached at the suit of the creditors of said Webb. That said suit was occasioned and made necessary by the failure of said Webb to comply with his contract and his failure to keep the goods, wares, and merchandise belonging to the plaintiff separate from the goods, wares, and merchandise belonging to said Webb."

The contract, which is made a part of the petition, is quite lengthy and we will not quote it here. This same contract was involved in litigation in the case of *Shaughnessy v. Lininger*, before this court on error from the district court of Johnson county, and in the opinion therein, reported in 34 Neb., 747, the contract was set out in full, to which we now refer the reader here for the precise terms of the contract. Answers and replies were filed, in which issues were joined, of which there was a trial. The jury to which the cause was submitted returned the following verdict: "We, the jury in this case, being duly impaneled and sworn, do find for the plaintiffs and assess their damages against defendant Cowden at the sum of $20.05-100 (twenty dollars and five cents), and against Webb for the sum of $171.80-100 (one hundred and seventy-one dollars and eighty cents)." From a judgment in accordance with the verdict the plaintiff has prosecuted error proceedings to this court.

One assignment of error which is urged in the argument was directed against the action of the trial court in its modification of an instruction asked by counsel for plaintiff. This instruction was as follows: "The court instructs the jury that if the notes mentioned in the first cause of action in the plaintiff's petition were indorsed and turned over to the plaintiff by Webb under the contract sued on, and that said notes are uncollected and uncollectible, then you will find in favor of the plaintiff and against the defendants upon this cause of action, and assess plaintiff's damages at the aggregate amount of said notes, with the interest thereon as provided by the terms thereof." To which the court added, "that you will not include notes not given for the sale of plaint-

iff's property as against the defendant Cowden." The defendant Webb was bound by the terms of his contract to indorse and deliver to the plaintiff all notes taken on sales of its goods. The contract of agency, after providing that all notes taken on sales should be sent to the company, further stated as follows: "The party of the second part agrees to attend to the collection or securing of notes taken by him without extra charge, when requested, and agrees to guaranty the payment, and does hereby guaranty the payment, of any and all notes taken by him or them as agent aforesaid in the following form, viz.: 'For value received, the undersigned guaranty the payment of the within note, and hereby waive notice of protest, demand, and non-payment thereof.' And the party of the second part agrees that all notes or obligations guarantied by him or them, if not paid in two months after maturity, he or they will take up the same and pay the cash to said party of the first part, and to reimburse the party of the first part for all charges they may have to pay in collecting notes taken by the party of the second part." This goes no further than to make it obligatory on the agent to perform the prescribed duties and agreements as to all notes received in sales made of plaintiff's goods. Some of the notes for the payment of which it was sought to charge the defendants in this suit were not taken on sales made by the agent for plaintiff, but were notes which he had received in other business transactions, and which he had turned over to plaintiff in partial adjustment of his account with it. With their payment the surety or guarantor could not be charged. His obligation could not be extended beyond the terms of the agreement by which it was created, and this did not include notes taken in the course of defendant's business as agent other than in sales made for the plaintiff company, and which might for any purpose have been transferred to it by the defendant principal in the contract in suit. The modification of the instruction did no more than to announce that the surety or guarantor

was not to be charged for notes not contemplated by the terms of his agreement; hence was not erroneous, but entirely proper. Instructions numbered 2 and 5 given at the request of defendant's counsel, and the second one given by the court on its own motion, were upon the same subject as the instruction, and its modification, the assignment of error as to which we have just discussed, and were to the same effect as that one, as modified hence what we have said as to that one is applicable here, and the disposition of the assignments of error in regard to instructions 2 and 5 given at request of defendant's counsel, and the second given of the court's motion, will be governed by that made of the former one, and they must be overruled.

It is complained that the verdict was improper in its form; that the action was a joint one against the defendants, and the verdict should not have been allowed which assessed the amount of recovery against one defendant different from that assessed against his co-defendant. In section 295 of the Code of Civil Procedure it is said: "When by the verdict either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery." From the verdict returned, if it meets the issues submitted, the judgment will be rendered. In relation to judgments it is stated in section 429 of our Code: "Judgment may be given for or against one or more of several plaintiffs. * * * In an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." From the manner in which this action was commenced as to the parties to it, and in which it proceeded without objection in this particular, as well as from the issues as they were presented by the pleadings and evidence and submitted to the jury, the liability respectively fastened upon the defendants was not and could not be the same, and that a judgment might be rendered accurately adjusting the

plaintiff's claim against the defendants, it was necessary that the verdict should respond, as it did, to the issues. tried and submitted. It is possible that the agent of defendants might have successfully interposed an objection to any recovery on some of the items of the claim made in suit against him in this action on the contract, but he makes no complaint and we need make none for him; and surely the plaintiff has not been prejudiced by the allowance to it of such recovery. It is also clear that against the other defendant the plaintiff could have neither verdict nor judgment beyond the claim accorded him by the contract on which the suit was based and such relief was accorded. The verdict was proper in the action, both in its form and substance.

It appears that the defendant Webb had other business than that transacted as agent for the plaintiff, and in its course became indebted to certain parties, who commenced an action against him and procured an attachment to issue therein, which was levied on some chattels, a portion of which were the property of the plaintiff in the possession of the defendant Webb as its agent. To recover this property the plaintiff instituted an action of replevin, in which it was successful in its purpose. The burden of the plaintiff's third cause of action in the present case is the amount of attorney's fees, costs, and other expenses alleged to have been necessarily expended in and about the replevin suit, which it sought to recover of the defendants herein. Objections to evidence offered in support of this portion of the claim were sustained by the trial court, and instructions were given in the charge to the jury which precluded its consideration of the demand. To all of which counsel for plaintiff excepted and assigned the same for error. It must here be borne in mind that this is an action on the contract to recover by reason of some of its provisions or agreements, and we have not been able to discover any portion of the contract under which an action for this claim, or any portion or item of it, would accrue or lie; hence the court was not

in error in its rulings in the particular instance to which we have just alluded.

It is claimed that the trial court erred in not giving the sixth instruction asked for plaintiff. The jury was charged to the same effect in the instructions given, therefore the refusal to give the one requested was not error.

It is also urged that the amount of the verdict is too small, especially as against the defendant Cowden. It is clear from a consideration of the verdict, in connection with the evidence, that the jury have assessed against Cowden only such items, together with the interest thereon, as were shown by the evidence to have their origin in transactions of his co-defendant as agent for the plaintiff under the contract. This being true, the amount allowed was as large as was warranted by the evidence, and in this action on the contract the recovery against the principal defendant was as much as was shown to be due, if not more, if the jury had been confined in its assessment to what was shown to be due under the terms and conditions of the contract. The judgment of the district court is

AFFIRMED.