[No. 11698.   In Bank. — March 16, 1887.]

# MARY DALY, APPELLANT, v. CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

STREET WORK — SAN FRANCISCO — ACT OF APRIL 4, 1870 — ACTION BY CONTRACTOR — VALIDITY OF CONTRACT. — Under the act of April 4, 1870, a contractor for street work in the city and county of San Francisco acquires no right to maintain an action against the city and county to recover the contract price after the assessment therefor has been finally adjudged invalid, unless the contract under which the work was done is valid and binding on the city and county.

ID. — STATUTORY REQUIREMENTS MUST BE COMPLIED WITH. — Under that act, a contract for street work in the city and county of San Francisco is invalid, if the statutory requirements essential to vest the board of supervisors with jurisdiction to order the work have not been complied with.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to recover the contract price of certain street work done in the city and county of San Francisco after the passage of the act of April 4, 1870. The complaint contained seven counts based on alleged contracts, three of which were for macadamizing

and curbing, and four for grading. The contracts for macadamizing and grading were invalid, because the notice inviting sealed proposals for the work required bidders to include in their bids the cost of constructing sidewalks, so that the cost of each could not be estimated. The contracts for curbing were also invalid, because the work was ordered done by the board of supervisors without a petition therefor signed by the owners of a majority of the frontage of the lots fronting on the work. The provisions of the street laws applicable to the city and county of San Francisco, both before and after the passage of the act of April 4, 1870, are stated in the opinion of Justice Temple, in the case of *Gafney* v. *City and County of San Francisco, ante,* p. 146. The further facts are stated in the opinion of the court.

*William M. Pierson, William H. Sears, E. F. Preston,* and *D. H. Whittemore,* for Appellant.

*Garber, Thornton & Bishop, George Flournoy, Jr.,* and *John L. Love,* for Respondent.

TEMPLE, J.—The real question involved in this case is, whether the act of April 4, 1870, in regard to street work in San Francisco, dispenses with the preliminary steps which seem to be required to vest the board of supervisors with jurisdiction or power to order work to be done. These are the same statutory requirements which have always existed, a substantial compliance with which has often been held essential to the validity of the acts of the board. It is contended that all this is changed, because the act of 1870 directed that after the work had been performed, instead of having the assessment delivered to the contractor as formerly, the assistant city and county attorney should proceed to collect the assessments for the contractor, and in case of failure through no fault of the contractor, the board of supervisors should pay the amount due out of the street department fund. But this,

presupposes a contract binding on the city and county. Without a contract there cannot be, legally, an assessment at all. The position seems to be this: there really was no contract binding on the city and county, but there was something which purported to be a contract, under which work was done and an assessment made. A suit was brought on this against the lot-owners, in which it was adjudged that there was no assessment because there was no contract. Now, it is said the condition has happened which entitled the contractor to be paid out of the street fund; i. e., the assessment has been adjudged invalid. This is very much like claiming the contract has been adjudged invalid, therefore the city and county is liable.

This is, of course, not the case of one who really had a good contract which was erroneously adjudged to be bad in the suits on the assessments, where he could not be heard.

The fact that the lot-owner, when sued on the assessment, is expressly authorized to plead in defense that the board of supervisors had no jurisdiction to order the work to be done, very much strengthens the case against appellant. It cannot be supposed that the legislature would authorize a defense on the part of the lot-owner in a suit upon the assessment, that there was no valid contract, and yet provide that the contract should thereupon become binding upon the city and county; that, in fact, the obligation upon the city and county to pay might depend upon its being declared invalid for lack of power in the officers to make it. Of course, it would be competent for the legislature to so provide, but we see nothing in the act to indicate such an intention. Such construction is contrary to the whole policy of the statute in regard to municipal contracts. The rule here has always been that there must be a valid contract before any liability can attach to the municipality. It can only act in the mode prescribed by law. This principle has been too

often declared here to require reiteration.   The city and county incurs no liability for work done under a void contract, nor is·there any guaranty on the part of the city and county that the forms of law have been complied with because its officers, without authority, attempt to contract.   Those dealing with the city must see to it that its agents have power to act.   Holding these views, it becomes unnecessary to consider the other points discussed.

Judgment affirmed.

PATERSON, J., MCFARLAND, J., THORNTON, J., MC-KINSTRY, J., and SHARPSTEIN, J., concurred.

Rehearing denied.