WEITZ v. THE INDEPENDENT DISTRICT OF DES MOINES.

1. **School Districts:** CONTRACT FOR SCHOOL HOUSE : WHAT NECESSARY. Under section 1723 of the Code, a school district cannot enter into a valid contract for the erection of a school house, except with the lowest responsible bidder upon his giving bonds for the faithful performance of the contract; and the mere acceptance of a bid by mistake, which is not the lowest responsible one, does not constitute a contract with the bidder.

2. ——— : ——— : NOT CONSUMMATED. Where plaintiff relied upon a resolution of defendant's directors accepting his bid for the erection of a school house, it was error to refuse defendant leave to plead and prove that it was the understanding of both parties that a written contract should be executed by the parties, and that the plaintiff should give bonds for the performance of such contract; for, if such was the understanding, there was no consummated contract.

3. **Appeal :** RECORD : EVIDENCE. On appeal to this court, only so much of the evidence offered and introduced should appear in the abstract as is necessary to determine the points to be reviewed.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, FEBRUARY 7, 1890.

ACTION to recover damages for the repudiation by defendant of a contract to build a school house, whereby,

and by other acts, plaintiff was prevented from performing such contracts. A judgment was rendered upon a verdict for plaintiff. Defendant appeals.

*St. John, Stevenson & Whisenand,* for appellant.

*Phillips & Harvison* and *C. J. Goode,* for appellee.

BECK, J.—I. The plaintiff alleged that the defendant caused its secretary to publish a notice inviting sealed proposals for building a house to be occupied by a high school; that plaintiff responded to this invitation, and gave defendant a proposal for the work; and that defendant opened the bids received under the notice, and examined the same, and accepted plaintiff's bid, and caused plaintiff to be notified thereof. It is further alleged that plaintiff fully performed the contract which they alleged was entered into by the acceptance of this proposal, but that defendant repudiated the contract, and prevented plaintiff from performing it on his part. The allegations of the petition, except as to the publication of notice and the employment of architects, were denied in the answer. By an amendment thereto the defendant alleges that plaintiff and others submitted proposals for the work, and the directors of the defendant, believing that another bid lower than plaintiff's was not made by a responsible person, at a meeting of the directors voted to accept plaintiff's bid, which did not provide for the time for the completion of the building, nor the manner of making payments therefor, and it was understood by both that a written contract should be executed by the parties, and a bond, approved by the defendant's directors, should be executed by plaintiff, as security for the performance of the contract, and that after the adjournment of the meeting when the vote for accepting plaintiff's proposition was had, it was discovered by defendant's directors that plaintiff was not the lowest bidder, but that another bid, lower than plaintiff's, was made by a responsible bidder.

Upon motion of plaintiff the district court struck from the files this amendment to the answer, on the ground that it was immaterial. Evidence was introduced tending to show the acceptance of plaintiff's bid by a resolution of the defendant's directors, and the refusal of defendant to permit the plaintiff to do the work. It was also shown that another bidder had proposed to do the work for one thousand dollars less than plaintiff's offer. The defendant offered to prove that certain lower bidders were responsible, and that their bid was rejected because of the fact that they were not known to be responsible, and that, after the adjournment of the meeting at which the resolution was adopted accepting plaintiff's bid, the directors of defendant discovered that the lower bidders were responsible. This evidence was rejected, the court holding that the defendant became bound by the acceptance of the directors, which, with the proposal, constituted a contract between the parties. An instruction to this effect was given to the jury. Upon these rulings of the court certain questions arise, the determination of which will prove decisive of the case.

An instruction of the court in the following language plainly expresses the view of the district court as to the facts and the law of the case: "You are instructed, as a matter of law, that the plaintiff and defendant did enter into a contract for the erection of said building, whereby said plaintiff was to receive fifty-three thousand, five hundred dollars, and that the defendant was guilty of a breach of said contract, and plaintiff is entitled to damages therefor. The only question for you to determine is the amount of damages he is entitled to recover. The burden of proof is upon the plaintiff to prove such sum by a preponderance of the testimony." Upon these expressions of the view of the law and facts held by the court below, certain questions arise which are decisive of the case.

II. The statute requires that contracts of the character of the one in suit for the construction of a

**1. School districts: contract for school house: what necessary.** school house "shall be let to the lowest responsible bidder, and bonds with sufficient sureties for the faithful performance of the contract shall be required." Code, sec. 1723. The power of the directors is limited and circumscribed by the statute. They can enter into no contract unless authorized to do so, when the terms of the contract and the manner of binding the district, and the things to be done in order to bind it, as prescribed by the statute, must be pursued. This position is based upon familiar legal principles. The statute confers upon the school directors the power to contract for the building of a school house with one who is the "lowest responsible bidder," and who shall furnish "bonds with sufficient sureties for the faithful performance of the contract." If plaintiff was not the lowest bidder, and did not furnish the bonds required, the statute conferred no power upon the directors of the defendant to contract with plaintiff. *Parr v. Village of Greenbush*, 72 N. Y. 463; *Dickinson v. Poughkeepsie*, 75 N. Y. 65; Dill. Mun. Corp. [1 Ed.] p. 388; [3 Ed.] secs. 466, 468. In defense to plaintiff's action the defendant was authorized to show that plaintiff was not in fact the "lowest bidder," and that the bond required by the statute had not been given. The acceptance of the bid of plaintiff by the resolution of the directors did not create a binding contract to do the work, for there was a want of compliance with the requirements of the statute, the observance of which is essential to confer authority upon the directors to enter into the contract. And for the same reason the acceptance of the proposal did not create an agreement to contract, for the reason that the contract, if made, would have been void. The law will not enforce an agreement to enter into a void contract. Counsel for plaintiff cite many cases relating to the creation of a contract by the acceptance of an offer or proposal and cognate matters, but none of these are in conflict with the position we have announced.

III. The defendant ought to have been permitted to plead as a defense that it was the understanding of the parties that a written contract should be entered into. If that was an agreement, surely no contract existed for building the house, unless the written instrument had been executed. It may be that the acceptance of the bid, had there been no statute requiring a contract to be made with the lowest responsible bidder, would have raised an agreement to enter into a contract. But this action is not upon such an agreement; it is on the contract to build the house, which, if there was an agreement that it should be reduced to writing, was in fact never entered into. See *Commissioners v. Brown*, 32 N. J. Law, 504; *Morrill v. Mining Co.*, 10 Nev. 125; *Fredericks v. Fasnacht*, 30 La. Ann. 117; *Avendano v. Arthur*, 30 La. Ann. 316; *Congdon v. Darcy*, 46 Vt. 478; *Eads v. City of Carondelet*, 42 Mo. 113; *Paige v. Woolen Co.*, 27 Vt. 485. These constructions lead us to the conclusion that the district court erred in striking the amended answer, in excluding the evidence above referred to, and in giving the instruction quoted above.

*2. ——: ——: not consummated.*

IV. Objection is made to the record on the ground that it is not shown that we have before us all the evidence offered as well as the evidence introduced. The questions just disposed of do not, for their determination, demand that all the evidence offered and received should be before us. All that is required is that the record should show the applicability of the evidence offered to the issue. The instruction given announces a rule of law which plaintiff, in maintaining its correctness, cannot deny is applicable to the facts of the case.

*3. APPEAL: record: evidence.*

The motion to strike the amended answer, being in the nature of a demurrer, may be determined without considering the evidence upon the pleading alone. For the errors pointed out, the judgment of the district court is                    REVERSED.