J. B. FORCUM & SONS, Appellants, v. THE INDEPENDENT DISTRICT OF MONTEZUMA, OF POWESHIEK COUNTY.

**School District:** ESTOPPEL BY ACT OF INDIVIDUAL DIRECTOR.   The fact, that some of the members of a school board, though having knowledge that the architect employed by the board to superintend the construction of a school building had directed changes in the building contract, permitted them to be made without objection, does not estop the district from claiming damages on account of such changes, as the district could only act through its directors, as a board.

**Appeal:** REVIEW OF EXCLUSION OF EVIDENCE: *Abstracts.*   Under McClain's Code, section 3948, providing, that no evidence shall go to the supreme court, except such as shall be necessary to explain any exception taken in the case, it is sufficient, to enable the court to review the exclusion of evidence, to set out in the abstract what the excluded evidence tended to prove, without setting out in full the questions asked.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

THURSDAY, OCTOBER 22, 1896.

PLAINTIFF, a co-partnership, entered into a contract with the defendant district to furnish all of the material for, and to build, a schoolhouse for said district. This suit is brought to recover a balance of one hundred dollars, claimed to be due on the contract; also the sum of three hundred and ninety-nine dollars and eighty-nine cents, alleged to be due the plaintiff firm for extra work done and materials furnished, which were not provided for by the contract, and for changes made in the work, all of which it is claimed was done at the request of the defendant, and by its direction. The defendant admits the execution of the contract; that the one hundred dollars has not been paid; that certain work was done and material furnished which has not been paid for, to the amount of two hundred and fifty-two dollars and nineteen cents. It charges that the house was not built according to contract, whereby defendant has been damaged in the sum of three hundred and fifty-five dollars in excess of the one hundred dollars due on the contract, and in excess of the extras admitted. Plaintiff, in a reply, in substance, denies all claims for damages, and alleges that the work was done as directed by the architects, who had full power to accept and approve the same; that the same was accepted by said architects; that defendant's board of directors had knowledge of the acts of the architects, and knew that the work which is now objected to was being done, and made no objection thereto. To this pleading, a denial was filed by the defendant. Other pleadings were filed, which it is not necessary to more fully refer to. The cause was tried

to a jury, and a verdict returned for the defendant, upon which judgment was entered, and plaintiff appeals—*Affirmed.*

·    *J. W. Carr* and *W. R. Lewis* for appellants.

*C. R. Clark* and *Haines & Lyman* for appellee.

KINNE, J.—I.    Appellee's counsel contend that inasmuch as the evidence is not set out in the abstract, and as the proposed evidence, the rejection of which is complained of, is not fully set forth, there is no question presented on this appeal which we can determine.    Complaint is made of the rulings of the court in the rejection of evidence offered.    The questions asked are not set out, but the abstract shows that the offered evidence "tended to prove" the employment of certain architects; their authority to direct the work of construction, as to the material used and labor done, and to accept or reject the same; that the work done, of which the defendant now complains, was so done under the direction of said architects; that some of the members of the defendant's board knew of the facts, and permitted plaintiff to proceed without objection.    The offered evidence was ruled out as immaterial, incompetent, and irrelevant.    There can be no doubt of the right of appellant to raise the question of the correctness of the rulings made under the statement that the evidence "tended to prove" these facts, without setting out in full the questions asked.    The statute provides that "no evidence shall go to the supreme court, except such as shall be necessary to explain any exception taken in the cause."    McClain's Code, section 3948. This court has recognized the regularity of the method pursued in this case.    *Kelleher v. City of Keokuk,* 60 Iowa, 473 (15 N. W. Rep. 280); *Weitz v. Independent*

*District*, 79 Iowa, 423 (44 N. W. Rep. 696). The only question is whether the offered evidence tended to prove such a state of facts, as to render it admissible.

We think the court ruled correctly. There is nothing in the contract authorizing the architects to change or waive its provisions. No notice was given to the board, as a board, of the proposed changes. Was the district chargeable with notice of the proposed changes, by reason of the fact, that one or more of the members of its board of directors had knowledge of the proposed changes? We think not. The most that can be claimed in this case is, that the knowledge of individual directors of the districts as to the facts, operated to estop the district, in the absence of any act on its part, through its legally constituted board of directors. The board, as a board, never had any knowledge of the proposed changes. That body never authorized them, nor did it take any action assenting thereto. The doctrine is well settled in this state, that individual directors of school districts cannot bind their districts by acts not authorized by the board, and we have held, that an act of a majority of such directors, when not assembled and acting as a board, will not bind the district. *Herrington v. District Township*, 47 Iowa, 11. The same doctrine is recognized in *Young v. Black Hawk County*, 66 Iowa, 460 (23 N. W. Rep. 923). In *Independent School District v. Wirtner*, 85 Iowa, 387 (52 N. W. Rep. 243), it is said: "It is a general rule, that corporations act through their boards of directors, and that no corporate act can be done by the individual members of the board, unless authorized by law or by the charter of the corporation." It was accordingly held, that the president of a district school board could not bring an action in the name of the

district without the consent of the board of directors. In *Rice v. Plymouth County*, 43 Iowa, 136, a case where the defendant board of supervisors let a contract for the building of a jail, and appointed a building committee, whose chairman was also chairman of the board of supervisors, and he agreed with plaintiffs, who were furnishing materials for the building, that the county would pay for the same, and said materials were furnished in reliance on said promise, it was held that the county was not liable in the absence of special authority from the board of supervisors to make it. And it was said that such authority would not be implied from the fact that the party making the promise was a member of the building committee and of the board. We have examined every case cited by appellant. None of them are applicable to a case like that at bar. The authorities already cited clearly show that the individual members of defendant board, acting out of session, could not have bound defendant district by an express promise which was not authorized by the board. If this be true, how can it be successfully claimed that the silence of the board, with knowledge on part of some of its members that the work was not being done in accordance with the contract, estops the district from claiming damages on account thereof ? The proposed evidence did not tend to show that the board had authorized its architects or agents to abrogate or change the contract. The contractors were bound to know that, in the absence of action by the board, the contract measured their rights and liabilities. Inasmuch as the evidence proposed did not tend to show action by the board, or by any one authorized to bind it, it was properly excluded.

II. Exceptions have been taken to certain instructions. What we have said is applicable to

some of these complaints. We have examined the instructions, and discover no error. The judgment of the district court is AFFIRMED.