THE CITIZENS' BANK OF DES MOINES, IOWA, Appellee, v. THE CITY OF SPENCER, Appellant.

Cities: SEWERAGE: UNAUTHORIZED ACTS OF COUNCIL. In the absence
1 of a valid ordinance or resolution directing the construction of sewerage, a city council can not make a valid municipal obligation with respect thereto.

Sewerage: UNAUTHORIZED CONTRACT: ESTOPPEL: QUANTUM MERUIT.
2 One dealing with a municipal corporation is bound to take notice of the statutory limitations upon its power, and the unauthorized act of a city council in contracting for sewerage will not estop the city from denying liability therefor, notwithstanding the implied representations of authority so to do; nor is a *quantum meruit* recovery in such cases authorized.

Limitation of indebtedness: PAYMENT FOR SEWERAGE. The agreement
3 of a city to pay the costs of sewerage from its own funds, where such action would raise the city's indebtedness beyond the constitutional limit, is invalid.

Implied contract: LIMITATION OF ACTION. An action against a city
4 on an implied contract to pay the cost of sewerage must be brought within five years from the date at which the cause of action accrued, in the absence of such facts as operate to toll the statute.

Sewerage: REASSESSMENT OF COST. After a sewerage assessment has
5 been declared invalid and a legislative act intended to cure the assessment has been passed, the city should be given an opportunity to make a reassessment before suit is brought against it on an implied contract to pay for the sewerage.

*Appeal from Clay District Court.*— HON. A. D. BAILEE, Judge.

WEDNESDAY, DECEMBER 14, 1904.

ACTION at law to recover the amount of certain assessment certificates for a sewer constructed in the defendant city on the theory that these assessment certificates were declared invalid, and the city is liable to the contractor doing the work, or to his assignee, for the amount thereof. Several defenses were interposed by the city, to some of which we shall refer during the course of the opinion. The trial court rendered judgment for the plaintiff, and the defendant appeals.— *Reversed.*

*Buck & Kirkpatrick,* for appellant.

*G. H. Martin,* for appellee.

DEEMER, C. J.— On October 22, 1892, the city council of the defendant city undertook to pass an ordinance for the construction of sewers and to assess the cost thereof against abutting property. Pursuant thereto a contract was entered into with one Likes for the construction of the sewer. January 20, 1893, the city council accepted the work, and assessed the cost thereof against abutting and adjoining property, and caused assessment certificates to be delivered to the contractor pursuant to its contract with him to the effect that he should receive the same in full payment for his work in front of the various properties. The owners did not indorse any waivers on the back of these certificates, nor were any payments made by them. These assessments were certified to the county treasurer for collection in December of the year 1893, but payment was refused, and the lots against which the assessments were levied were advertised for sale. An action was then brought by the then owner of certain lots against the county treasurer to restrain these sales. That

case finally reached this court, and the assessments were held illegal. See *Griffin v. Messenger,* 114 Iowa, 99. Plaintiff herein, as assignee of the contractor, intervened in that action, and was a party thereto. The parties to that action, and all concerned in the result thereof, acted in entire good faith, and believed that the ordinance passed by the city council was valid and binding, until the adverse decision of this court. In December, 1901, plaintiff, as assignee of the contractor, presented a claim to the city council for the amount of the certificates and for the costs in the case above referred to. This claim was refused, and plaintiff thereupon commenced this action. The defendant was not made a party to the Griffin suit, nor was it at any time notified of the default of the owner of the property in paying his assessments until plaintiff's claim was filed with it. Neither has there been any demand for a reassessment of the property, or for any further action on the part of the city, except to pay the plaintiff's claim. At the time the sewer was constructed, defendant was indebted up to the constitutional limit. The *Griffin Case* was decided in this court in May of the year 1901. In that case it was held that the entire proceedings were void, for the reason that the ordinance for the sewering of the city had not been legally adopted. After the decision of that case the General Assembly passed a curative act known as chapter 224, page 179, Acts Twenty-ninth General Assembly, which undertook to cure retroactively all ordinances, resolutions, etc., at any time passed as this one was.

Plaintiff contends that the city is absolutely liable in this case under the rule announced in *Light Co. v. Ft. Dodge,* 115 Iowa, 568, and other like cases; while defendant claims that that case has no application; that under the curative act all proceedings were validated, and plaintiff should now enforce its assessment certificates; that the plaintiff and his assignor were charged with notice of the powers of the city council, and are conclusively bound to know that all the proceedings were irregular and void; that in such cases as this

the city is not liable, because the assessment certificates were invalid, and the invalidity goes to the power of the city to act at all; that the city was indebted up to its constitutional limit, and cannot be held on an express contract to pay, and that, if sought to be held on an implied contract, the cause of action is barred. It also insists that plaintiff is barred by laches; that it is not entitled to recover, because it made no demand for a reassessment, and gave no notice to the city so that the city might have made a reassessment as by statute provided. These are the principal points argued, and, as they are each and all presented by the pleadings, we shall consider such of them as are deemed important and controlling.

As the case may be disposed of without more than incidental reference to the curative act, we shall not consider the exact effect of that act upon the Griffin-Messenger Case,

1. SEWERAGE: unauthorized acts of council.

save to say that it is extremely doubtful if the Legislature had power to in any manner affect Griffin's rights in and to the property after a decision of this court establishing the same. The record here presents quite a different state of facts from what appears in the Ft. Dodge and other like cases. There a valid contract was made with the contractor, whereby the city undertook and impliedly guarantied to levy valid assessments against abutting property to pay for the work. Here the defect lies deeper. The city did not pass a valid ordinance or resolution for the doing of the work, because a sufficient number of the councilmen did not vote in favor thereof, or did not vote for a suspension of the rules, which we shall treat for the purposes of the case as the same thing. Without a valid ordinance or resolution the city council had no power to order any sewering. If it undertook to do so, its act was not binding upon the municipality or any one else. There was an express statutory limitation on the power of these officials, and of this all persons dealing with them must take notice. *Harrison v. Palo Alto County,* 104 Iowa, 389;

*Estep v. County of Keokuk,* 18 Iowa, 199 ; *Clark v. City of Des Moines,* 19 Iowa, 199 ; Mechem' on Public Officers, sections 506, 511, 512, and cases cited; *McPherson v. Foster,* 43 Iowa, 58. This is fundamental doctrine, announced with practical unanimity by all courts. The application of it to this case is clear, and this points to the distinction between cases where the contract between the city and the contractor is a nullity, and cases where the contract is good, but the city fails or neglects to take some steps under the contract itself, which it has expressly or impliedly undertaken to do. In the one case the contract is perfectly good, and the contractor has nothing to do with the making of the assessments. In the other the original contract with the contractor is invalid because of a statutory limitation upon the power of the officials making it. In the latter instance the contractor is bound to know of the authority of the city officials, and in the other he is not, but may rely upon the council's taking the necessary steps in fulfillment of its obligation.

The city council, in making a contract for the city, cannot estop it by acting beyond the limit of its powers. The law provides just how such matters may be done, and of this **2. SEWERAGE: unauthorized contract; estoppel; quantum meruit.** every one is conclusively presumed to have notice. When acting without authority or beyond its powers, the city council cannot estop the city, for, no matter what its representations, a party dealing with it is bound to take notice of all statutory limitations upon its authority. There can be no recovery even upon *quantum meruit* in such cases, especially where, as here, the city did not obligate itself to pay for the improvement, and was undertaking to do but a small part of it for its own benefit. Any other rule might completely ruin any city, for the Legislature could not, if the converse were true, limit the powers of a city council. *Cedar Rapids v. City,* 118 Iowa, 254. When making any sort of a contract, the city officials impliedly represent that they have authority to do so, but such representations are not binding

upon the city, for the reason that the powers of these officials are limited, and we are bound to look to the law, for their authority and the validity of their acts. These views are well sustained by authority. See *Boston Co. v. City of Cambridge,* 163 Mass. 64 (39 N. E. Rep. 787); *Schumm v. Seymour,* 24 N. J. Eq. 143; *McDonald v. City,* 68 N. Y. 23 (23 Am. Rep. 144); *Moylan v. City,* 32 La. Ann. 673; *Hitchcock v. City,* 96 U. S. 341 (24 L. Ed. 659); *In re Market Street,* 49 Cal. 546; *Daly v. City,* 72 Cal. 154 (13 Pac. Rep. 321); *Trustees v. Hohn,* 82 Ky. 1; *City v. Wann,* 144 Ind. 175 (42 N. E. Rep. 901, 31 L. R. A. 743); *Brady v. City,* 20 N. Y. 312; *Town v. Peacock,* 89 Ky. 495 (12 S. W. Rep. 1042, 25 Am. St. Rep. 552).

II.      Aside from this, the city did not make an express contract to pay the contractor from its own funds. If it did, the contract was void, because beyond the limit of indebtedness prescribed by the Constitution. In some

3. LIMITATION OF INDEBTEDNESS: payment for sewerage.

of the cases relied upon by plaintiff there are chance expressions to the effect that the city is liable in such cases as upon a guaranty or contract; but these must be taken in connection with the facts and the issues involved. The cities were held liable in each of these cases on the theory of an implied obligation or contract to make legal assessments. If the obligation had been an express one to pay the amount of the assessments, or the contract price for the work, it is manifest that the contracts would have been held illegal in some of the cases because creating a debt beyond the constitutional limit. *Allen v. Davenport,* 107 Iowa, 90, and see cases cited in Ft. Dodge Case, supra. So that it cannot be assumed that the city is to be held liable on an express contract in order to avoid the statute of limitations, for this would be flying from Scylla to Charybdis. Manifestly, there was no written contract here to pay plaintiff or its assignor the contract price, or the amount of the assessment certificates. There was no fault on the part of the city in levying these assessments, save that

the council had no authority to order the work done in the manner it did. In all that it did after letting the contract no fault can be found. We come, then, to the next proposition — that the action is barred by the statute of limitations.

III. Actions on implied contracts must be brought within five years after the causes of action accrue. This must be an action upon an implied contract, or for a wrong committed by the city; and in either event the action must be brought within the time limited. The cause of action, if any there be, accrued not later than the time when plaintiff's assignor completed the work. No mistake or fraud is pleaded in order to remove or toll the statute, and the action is not founded on either. Hence we think it was barred within five years from the time 'plaintiff's assignor might have brought his action, which was not later than January 20, 1893. This suit was commenced February 3, 1903; hence it is clearly barred. The pendency of the Griffin suit is not pleaded as tolling the statute, and for this reason that point is not in the case.

*4. Implied contract: limitation of action.*

IV. Moreover, we think the city should have been given an opportunity to reassess after the curative act was passed, or at some place along the line. It lost that right because not notified, so far as this record shows, of any trouble in the assessment. Perhaps the county treasurer may be said to have represented the city, and that notice to him was sufficient; but this is not claimed or relied upon, and we make no pronouncement thereon. As sustaining these conclusions, see Code, sections 649, 650, 3447, and *Smith v. Cramer,* 39 Iowa, 413. Taking the entire case, and we think it fails to show any liability on the part of the city, and the judgment cannot be sustained. As further sustaining these conclusions, see *Ryce v. Osage,* 88 Iowa, 558; *Agawam v. South Hadley,* 128 Mass. 503.— *Reversed.*

*5. Sewerage: reassessment of cost.*