HARRISON COUNTY V. E. F. OGDEN, TREASURER OF HARRI-
SON COUNTY, ET AL., Appellants.

**Highways:** PURCHASE OF ROAD MACHINERY: POWER OF SUPERVISORS.
1   Code, sections 1530 and 1531, relating to the levy and expendi-
ture of a one mill road tax by county supervisors does not au-
thorize the supervisors to purchase road machinery, and the
payment of warrants issued for that purpose may be enjoined.

**Same.**   A board of supervisors authorized simply to expend a spe-
2   cial fund for a particular purpose has no power to create an in-
debtedness payable in the future out of such fund.

**Same:** RATIFICATION: ESTOPPEL.   A board of supervisors cannot
3   ratify its unauthorized act in issuing county warrants so as to
bind the county in any form of action; nor is the county es-
topped to deny its liability on an illegal obligation by an at-
tempted ratification.

*Appeal from Harrison District Court.*— HONS. A. B. THOR-
NELL and N. W. MACY, Judges.

SATURDAY, DECEMBER 15, 1906.

ACTION in equity to enjoin the treasurer of Harrison
county from paying certain warrants issued under contracts
for the purchase of road-grading machines; the holders of
the warrants being made parties defendant.   Decree for
plaintiff as prayed.   Defendants appeal.— *Affirmed.*

*J. S. Dewell* and *John W. Battin,* for appellants.

*Roadifer & Arthur* and *Bolter Bros.,* for appellee.

MCCLAIN, C. J.— By Code, sections 1530, 1531, the board of supervisors of any county may levy a road tax of not more than one mill on the dollar, the fund thus raised to be " paid out only on the order of the board, for work done on the roads of the county, in such places as it shall determine "; and at its regular meeting in April the board is authorized to " determine the manner in which said tax shall be expended whether by contract or otherwise." Pretending to act under authority found in these sections of the Code, two separate contracts were made, by two different individual members of the board of supervisors of plaintiff county, for the purchase of road-grading machines, at the price of about $1,000 each; it being provided in each contract that the price be paid in installments, for which separate warrants were to be issued. It is to restrain the payment of these warrants in the hands of the present holders thereof that this action was brought.

The sections of the Code above referred to do not authorize the purchase of road machines. The authority given is to expend the road fund " for work done on the roads of the county in such places " as the board shall determine. The purchase of machinery with which work may be done on the roads is not contemplated. The township trustees have authority to purchase such machinery. See Code, sections 1528, 1529. It is not to be assumed, in the absence of express provision, that for the purpose of doing work on the roads distinct sets of machinery are to be purchased by township trustees and boards of supervisors.

1. HIGHWAYS: purchase of road machinery: power of supervisors.

The warrants issued were also illegal because they amounted to the incurring of indebtedness payable in the future. The board, having authority to expend a special fund raised by taxation for a particular purpose, may do so by the issuance of warrants payable out of such fund, but cannot incur obligations expressly payable in the future out of such fund. The board

2. SAME.

has authority to expend, but not to contract indebtedness. *Swanson v. City of Ottumwa,* 131 Iowa, 540; *Clark v. City of Des Moines,* 19 Iowa, 199.

Defendants rely upon a ratification by the action of the board in instructing the county auditor to issue warrants on the road fund for interest on the warrants payable in the future. This ratification might be effectual so far as to make the unauthorized acts of the two members of the board in entering into the two different contracts for the purchase of road machines the contracts of the board itself; but it could not be effectual in binding the county to obligations which the board itself had no authority to incur. Any indebtedness which the county board attempts to contract in excess of its authority is invalid, and there can be no recovery on the evidence of such indebtedness, nor for *quantum meruit.* The county is not estopped by the unauthorized acts of its officers, either in attempting in the first instance to incur indebtedness, nor in attempting to ratify unlawful obligations already entered into. *Clark v. City of Des Moines,* 19 Iowa, 199; *Ryce v. Osage,* 88 Iowa, 558; *Lincoln Land Co. v. Village of Grant,* 57 Neb., 70 (77 N. W. 349). Therefore the admission on the part of the county auditor that he knew of the use of the machines by the county would not estop the county from insisting that the purchase was without authority.

3. SAME: ratification: estoppel.

The decree of the lower court enjoining the payment of the warrants was right, and it is *affirmed.*