MADRID LUMBER COMPANY, appellee, v. BOONE COUNTY and BOARD OF SUPERVISORS (members), appellants; ROBERT NELSON et al., intervenors-appellants.

No. 50920.

(Reported in 121 N.W.2d 523)

MAY 7, 1963.

Stanley R. Simpson and Doran, Doran, Doran, Erbe & Courter, all of Boone, for appellants.

Mahoney, Jordan, Statton & Smith, of Boone, and Glenn E. Allen, of Madrid, for appellee.

MOORE, J.—This is an equity action to recover $5950.29 for labor and materials furnished in making certain improvements at the Boone County Home. Plaintiff's petition is in five divisions. Division I alleges an oral agreement based on the resolution of defendant Board of Supervisors on February 20, 1961, to accept plaintiff's proposal for completing a wing of the county home for $4727.52. Plaintiff alleges defendants thereafter ordered certain changes and additions totaling $1222.77. Division II alleges plaintiff at the instance and request of Boone County furnished material and labor the reasonable value of which was $5950.29. Division III alleges defendant has retained and used the improvement made by plaintiff and seeks to recover under the unjust enrichment doctrine. Division IV claims defendant is estopped to deny liability under the oral agreement. Division V alleges defendant supervisors confirmed and ratified the oral agreement and have waived any defense thereto.

Defendants and intervenors, all taxpayers of Boone County, in their answers deny plaintiff's claims as alleged in each of the five divisions. They allege the board of supervisors never attempted to comply with Code sections 332.7 and 332.8, the proceedings by the board were ultra vires and void, and plaintiff was not entitled to recover under any theory.

The trial court found plaintiff was entitled to recover under

the unjust enrichment doctrine and entered judgment for the amount of plaintiff's claim. Defendants and intervenors have appealed.

There is no real fact dispute in the case. Prior to the board's resolution on February 20, 1961, Ernie Lawson, a partner in and the manager of plaintiff retail lumber company, was contacted by Supervisor Ball and asked if he cared to figure a job at the Boone County Home. Lawson had some plans drawn and from them submitted an estimate to the board. It was not accepted. A second estimate in the amount of $4777.25 submitted by Lawson based on plans furnished by the board was accepted by resolution of the board on February 20, 1961. The plan furnished by the board was just a floor plan drawn on a piece of white paper. One other party had been asked to submit an estimate. It was higher than plaintiff's and rejected. On February 22, Lawson recommended certain changes and additions totaling $1222.77 which the board orally accepted.

The testimony of Supervisors Ball and Lehman is undisputed that there was no written contract with plaintiff, no plans and specifications for the improvement were ever filed with the Boone County auditor, there was no advertisement in any of the official county newspapers, and no time or place was ever fixed for letting the contract.

After completion of the improvement by plaintiff in May the board inspected the work and issued a warrant to plaintiff for $5950.29 which the county auditor refused to pay. Lawson testified that amount represented the reasonable value of labor and material furnished. The improved wing since May 1961 has been used for the care of county home patients.

■ I. Appellants argue the board's failure to comply with Code sections 332.7 and 332.8 bars any recovery by appellee. The powers and duties of boards of supervisors are set out in chapter 332.

Section 332.7 provides:

"Contracts and bids required. No building shall be erected or repaired when the probable cost thereof will exceed two thousand dollars except under an express written contract and upon proposals therefor, invited by advertisement for three weeks in

all the official newspapers of the county in which the work is to be done."

Section 332.8 provides:

"Bids—plans and specifications. Contracts for buildings and repairs specified by section 332.7 shall be let to the lowest responsible bidder at a time and place which shall be distinctly stated in the advertisement. * * * The detailed plans and specifications for such improvements shall be on file and open to public inspection in the office of the auditor of the county in which the work is to be done before advertisement for bids."

It is apparent from the foregoing the requirements of these Code sections were violated. Indeed they were completely ignored by the parties to the oral agreement. While our attention has not been called to such a flagrant violation of statutory requirements the problem is not new to this court. In the early case of Reichard v. Warren County, 31 Iowa 381, 388, 389, where the board of supervisors attempted to erect a public building at a cost in excess of that voted by the people it is said:

"The board of supervisors are agents of the county, whose powers are defined and limited by the act creating them. Beyond the powers conferred upon them by statute their acts do no more bind the county than do those of a special agent, when he transcends the purposes of his agency, bind his principal."

In Harrison County v. Ogden, 133 Iowa 9, 11, 110 N.W. 32, 33, where the board of supervisors attempted to buy machinery from road funds when not so authorized by statute it is said:

"Any indebtedness which the county board attempts to contract in excess of its authority is invalid, and there can be no recovery on the evidence of such indebtedness, nor for quantum meruit. The county is not estopped by the unauthorized acts of its officers, either in attempting in the first instance to incur indebtedness, nor in attempting to ratify unlawful obligations already entered into." (Citations)

These and other early holdings have been consistently followed. It is now well established that counties and municipal

corporations, being creatures of the legislature, have such powers to contract and only such powers as the legislature grants them. When the legislature permits the exercise of power in a given case only in accordance with imposed restrictions, a contract entered into in violation thereof is not merely voidable but void. See Webster County v. Taylor, 19 Iowa 117; Coggeshall v. City of Des Moines, 78 Iowa 235, 41 N.W. 617; Weitz v. Independent District of Des Moines, 79 Iowa 423, 44 N.W. 696; Citizens' Bank of Des Moines v. City of Spencer, 126 Iowa 101, 104, 105, 101 N.W. 643, 645; Gjellefald v. Hunt, 202 Iowa 212, 210 N.W. 122; Johnson County Savings Bank v. City of Creston, 212 Iowa 929, 231 N.W. 705, 237 N.W. 507, 84 A. L. R. 926; Horrabin Paving Co. v. City of Creston, 221 Iowa 1237, 262 N.W. 480; Lytle v. Ames, 225 Iowa 199, 279 N.W. 453.

Citizens' Bank v. City of Spencer, supra, says:

"Without a valid ordinance or resolution the city council had no power to order any sewering. If it undertook to do so, its act was not binding upon the municipality or anyone else. There was an express statutory limitation on the power of these officials, and of this all persons dealing with them must take notice. * * *

"The city council, in making a contract for the city, cannot estop it by acting beyond the limit of its powers. The law provides just how such matters may be done, and of this everyone is conclusively presumed to have notice. When acting without authority or beyond its powers, the city council cannot estop the city, for, no matter what its representations, a party dealing with it is bound to take notice of all statutory limitations upon its authority. There can be no recovery even upon quantum meruit in such cases, especially where, as here, the city did not obligate itself to pay for the improvement, and was undertaking to do but a small part of it for its own benefit. Any other rule might completely ruin any city, for the Legislature could not, if the converse were true, limit the powers of a city council."

II. Appellee argues these well established principles do not apply where mere irregularities occur and the contract has been performed and it should recover under the unjust enrichment

doctrine. It relies on First National Bank v. Emmetsburg, 157 Iowa 555, 138 N.W. 451, L. R. A. 1915A 982; Town of Hartley v. Floete Lumber Co., 185 Iowa 861, 171 N.W. 183; Hansen v. Town of Anthon, 187 Iowa 51, 173 N.W. 939; Duntz v. Ames Cemetery Assn., 192 Iowa 1341, 186 N.W. 443; City of Des Moines v. Horrabin, 204 Iowa 683, 215 N.W. 967; Carlson v. City of Marshalltown, 212 Iowa 373, 236 N.W. 421.

The Emmetsburg case permitted recovery for sewer improvement fully performed where the power to contract had been exercised in a negligent manner but the real basis for the holding is that there had been a ratification and waiver by the city under a compromise settlement amounting to accord and satisfaction binding on the city. In Hartley v. Floete a councilman voted for a purchase from his company. Recovery was permitted. No violation of a statute was involved. In Hansen v. Town of Anthon three councilmen voted in favor of a contract to erect a powerhouse. Without casting his formal vote the mayor declared there were no "nay" votes and declared the motion carried. That case says: "The question of ultra vires does not enter deeply into the case. * * * The irregularity, such as it was, was not substantial. At most, it was only formal and doubtful." In the Duntz case the city was required to pay the balance owing on a land contract after it took a quitclaim deed from the original purchaser and used certain land although it had not formally accepted an assignment of the contract. In Des Moines v. Horrabin, after all statutory requirements were met, the parties entered into a contract to pave a part of Ingersoll Avenue. The city breached the contract by failing to meet its obligation to bring the street to grade. After two years delay in order to settle for its breach the city agreed to and did, upon the completion of the paving, pay Horrabin a larger amount per square yard than provided for in the original contract. The city's attempt to recover the money thus paid was denied. That case says: "The city had the right to compromise, settle, and adjust differences arising over contracts which it had the right to make in the first instance." In Carlson v. City of Marshalltown recovery for grading done under day-by-day agreements was allowed. Violation of the statutory requirement for taking of bids was not raised.

386

These precedents deal with mere irregularities in proceedings or settlements made under valid contracts. They do not support a recovery by appellee on the record before us. Its trouble lies back at the source of its dealings with the county. Appellee entered into an oral agreement contrary to the statutory requirements of an express written contract and the mandatory requirements of the statutes for filing plans and specifications with the county auditor, advertising thereafter and competitive bidding had not been met. Here the board acted illegally in defiance of several legislative restrictions.

III. Appellee next argues its manager Lawson acted in good faith and equity should afford recovery for the improvement furnished and in use by the county. We need not decide whether the parties acted in good faith as claimed by appellee. It was bound at its peril to take cognizance of all statutory limitations upon the authority of the board and county. Reichard v. Warren County, 31 Iowa 381; Citizens' Bank of Des Moines v. City of Spencer, 126 Iowa 101, 101 N.W. 643; Johnson County Savings Bank v. City of Creston, 212 Iowa 929, 231 N.W. 705, 237 N.W. 507, 84 A. L. R. 926; Horrabin Paving Co. v. City of Creston, 221 Iowa 1237, 1249, 1250, 262 N.W. 480, 487, 488; Lytle v. Ames, 225 Iowa 199, 214, 279 N.W. 453, 461.

Lytle v. Ames, supra, says:

"We cannot escape the conclusion that a sound public policy imposes on the contractor a duty to ascertain whether the resolution of necessity has received the necessary three-fourths vote whereby the council is clothed with power to enter into the contract proposed. We certainly should not accept a policy that would permit the contractor, even though he knew (and he is required to take notice) that the city council did not possess the power to enter into the contract providing for payment by special assessment certificates, to nevertheless shut his eyes and hold his tongue and assume an attitude of indifference, on the theory that it is immaterial to him; for since the city has general power to pave its streets, if the special assessment certificates are held invalid, he may still recover against the city. Such a policy is an open invitation to the commission of fraud,

and provides a very effective means of circumventing the plain provisions of the statute."

In Horrabin Paving Co. v. Creston, supra, where plaintiff's attempt to recover under the unjust enrichment doctrine was denied, it is said:

"If a recovery be allowed under the facts of this case, we see no reason why contractors will not be encouraged to enter into contracts with municipal corporations which they realize are of very doubtful validity. If contractors may thus evade the provisions requiring competitive bidding, it is not at all improbable that they may be tempted by the prospect of big profits, without competition, to induce municipal officers to enter into unconscionable contracts with them, on the theory that, even if such contracts be invalid, they may not be attacked; or, if attacked, some of the profits may still be saved by way of compromise; or, if the worst happen, and the contracts be held invalid, they may yet recover all but the profits of the undertaking. If such a rule be adopted, the prospect of exorbitant profits may become sufficiently alluring to offset the danger of any loss, if the only loss that might result would be the loss of profits."

Appellee's plea for some special relief in equity is without merit. Courts of equity can no more disregard statutory requirements than can a court of law. They are bound by positive provisions of a statute equally with courts of law and where the contract is void because not in compliance with express statutory provisions, a court of equity cannot give validity to the contract. Johnson County Savings Bank v. Creston, supra, and citations. 19 Am. Jur., Equity, section 454, page 314.

We have examined appellee's contentions and hold it is not entitled to recover under any alleged theory. To hold otherwise would require us to nullify Code sections 332.7 and 332.8.— Reversed.

All JUSTICES concur.