JESSE RYERSON, Appellee, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

No. 40992.

NOVEMBER 24, 1931.

Dwight G. McCarty, for appellee.

Stipp, Perry, Bannister & Starzinger, for appellant.

EVANS, J.—On January 18, 1929, the policy in suit was

issued through the agency of the defendant at Emmetsburg, as a renewal of prior existing insurance. The premium therefor was represented by a note for $15.00 payable on April 1, following, and by another note for $62.C0 payable in October. The plaintiff defaulted in the payment of the $15.00 note on April 1. On April 17 following, the defendant purported to cancel the policy for non-payment of the premium note, pursuant to the statute and to the terms of the policy. The controlling question in the case is whether the course pursued to that end was effective therefor. Did the defendant conform to the requirements of the statute in its attempted cancellation? The facts in relation to such cancellation are not in dispute. But the plaintiff contended, and the court so found, that the defendant did not conform to the requirements of the statute and that the attempted cancellation was therefore ineffective. The policy contained the following provisions:

"VII. This company shall not be liable for loss or damage to any property covered by this policy if the insured shall fail to pay any written obligation given to the company for the premium or any assessment or installment of premium when due; provided the company shall have given the insured notice as required by law. Upon payment and acceptance by the company of the delinquent premium, assessment, or installment of premium, before loss occurs, or after loss, if the company shall have had notice thereof and accepts such payment, this policy shall be revived and in full force according to its terms." * * *

"XI. This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation either by registered letter directed to the insured at his last known address, or by personal written notice. If this policy shall be canceled as hereinbefore provided, or becomes void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rates; except that when this policy is canceled by this company by giving notice it shall retain only the pro rate premium."

These provisions conform to the statutory standard form set forth in Section 9018 of the Code. Section 8959 provides

for the method of cancelling a policy for *non-payment* of premium:

"8959. *Forfeiture of policies—notice.* No policy or contract of insurance provided for in this chapter shall be forfeited or suspended for nonpayment of any premium, assessment or installment provided for in the policy, or in any note or contract for the payment thereof, unless within thirty days prior to, or on or after the maturity thereof, the company shall serve notice in writing upon the insured that such premium, assessment, or installment is due or to become due, stating the amount, and the amount necessary to pay the customary short rates, up to the time fixed in the notice when the insurance will be suspended, forfeited, or canceled, which shall not be less than thirty days after service of such notice, which may be made in person, or by mailing in a registered letter addressed to the insured at his post-office as given in or upon the policy, and no suspension, forfeiture, or cancellation shall take effect until the time thus fixed and except as herein provided, anything in the policy, application or a separate agreement to the contrary notwithstanding."

On April 17, the defendant mailed from its Chicago office a notice of cancellation for non-payment of premium, and mailed the same by registered mail addressed to the plaintiff at Emmetsburg, Iowa. Section 8959 required that such letter should be mailed to the policyholder at the post-office address "as given in or upon the policy." The policy did not in fact purport to give the post-office address of the policyholder. It was dated at Emmetsburg, Iowa, but this was the place of the agency of defendant, which took the application and caused the policy to issue. Emmetsburg was not in fact the post-office address of the plaintiff, nor had it ever been such. His post-office address at all times involved herein was Route 1, Cylinder, Iowa. The letter in question did not in fact reach him. It remained in the post office at Emmetsburg for six days, when it was voluntarily sent by the postmaster to Whittemore; and from Whittemore it was forwarded to Cylinder, where it remained until it was returned to the Chicago office on the 24th of May, after having remained uncalled for in the Cylinder office for twenty-nine days. The post-office address of the plaintiff indicated

that he received his mail by rural delivery. The question whether the plaintiff received the notice is material only so far as such receipt, if any, might be deemed a *"personal notice,"* within the meaning of the statute. It may be true also that if the plaintiff had, in bad faith, intentionally avoided or refused the receipt of the letter, a question of personal notice might be raised. Upon the record, there was no personal notice in the statutory sense. The infirmity of the notice, if any, is the failure of the defendant to address its notice either to the true address of the plaintiff, or to the address appearing upon the policy. The fact that no post-office address appeared upon the policy was not chargeable to the plaintiff, but to the defendant alone. Notwithstanding such omission, we assume that a notice addressed to the true post-office address of the plaintiff would have been a compliance with the statute.

The response of the defendant to the contention of the plaintiff at this point, is that the case is not governed by section 8959, but by those provisions of section 9018 which were incorporated in the policy, and which we have set forth above. It will be noted that the requirement provided in the latter section is that the notice must be mailed to the "last known address" of the policyholder. The argument at this point is that section 8959 and section 9018 are inconsistent, and that therefore the latter must control, because it represents later legislation.

It is our duty to give effect to both statutes, if it can be done. It will be noted that section 8959 deals specifically with the method of cancellation for *nonpayment of premium.* It has no application, according to its terms, to any other ground of cancellation. It provides in express terms that no contract of insurance shall be forfeited on that ground except in the manner therein specified. This leaves the field of cancellation otherwise to the operation of section 9018. The statutes are inconsistent only in the sense that section 8959 operates as in the nature of an exception to the provisions of section 9018. If we were to hold otherwise at this point, it would not save the effectiveness of the purported cancellation. Emmetsburg had never been at any time, the post-office address of the plaintiff. It could not therefore have been his "last known address." The argument of the defendant at this point is that Emmets-

528

burg was the only address known to the defendant, and that the statute has reference here to such address as was known to the Insurance Company and to it alone. This contention reduces the statute to an absurdity. It puts the Company in the attitude of saying: "We supposed that was his address. Therefore it was his last known address so far as we knew." The average citizen has a post-office address. It is readily capable of being ascertained and known. It is not often a question of dispute or debate. The evidence herein presents no uncertainty as to the actual post-office address of this plaintiff. It is not claimed that it was even unknown to the defendant's agency at Emmetsburg. Emmetsburg had not been the address of the plaintiff at any time, either as *known* to the defendant or to anyone else.

If, therefore, we should sustain the defendant in the claimed application of section 9018 to the exclusion of section 8959, we should still have to hold that the notice was not mailed to the "last known address" of the plaintiff.

Whether the action of the postal authorities in their correction of the address could in any event inure to the benefit of defendant, we have no occasion to consider.

Other deficiencies in the procedure are urged by the appellee. We need not consider them.

The court below properly held that the procedure adopted, was not effective as a cancellation. Its judgment is accordingly—Affirmed.

FAVILLE, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.