Joseph K. Hogan et al., Appellees, v. City of Corning et al., Appellants.

No. 41969.

September 26, 1933.

Rehearing Denied January 12, 1934.

Walter Cochrane and Ed Fackler, Jr., and George A. Rice, for appellants.

Healey & Reynolds, L. R. Watts, and R. J. Organ, for appellees.

Clark, Byers, Hutchinson & Garber and Stipp, Perry, Bannister & Starzinger, amici curiae.

CLAUSSEN, J.—On September 23, 1932, the council of the city of Corning at a special meeting, on its own motion ordered the question,

"Shall the City of Corning, Adams County, Iowa, establish, erect and construct a municipal light and power plant at a cost of not to exceed the sum of $160,000.00, to be paid out of the earnings of said plant?" submitted to the qualified voters at a special election to be held on October 26, 1932. Such election was held and the proposition received a majority of affirmative votes.

This suit was brought to restrain the city from proceeding to erect the plant in accordance with the provisions contained in sections 6134-d1 to 6134-d7 of the Code. The relief was sought on the ground that the city was not authorized to proceed in the matter, because the election was not properly called, and the ballot used at the election was insufficient. Other objections were urged based upon the insufficiency of certain petitions filed in the matter and questioning the power of the mayor of the city to order the election. The last-mentioned objections need not be considered, because the proceedings were instituted by the council on its own motion, and do not purport to be sustained by petitions, and the election was called by the council, not by the mayor.

I. The Code provides three methods of calling an election on the question of erecting a municipal electric light and power plant:

1. By the council on its own motion.

2. By the mayor upon petition signed by 25 property owners of each voting precinct in a city or 50 property owners of any incorporated town.

3. By the council upon petitions signed by qualified electors of the city or town equal in number to 25 per cent of those who voted at the last regular municipal election.

The first and second methods are provided by Code section 6132, in chapter 312, and the third by section 6242, in chapter 319. The power of the legislature to authorize the calling of the election in either or all of such methods is not questioned by either party, and it is undoubtedly true that such provisions are a valid exercise of legislative power.

In this situation it is obvious that an election called in either manner above referred to is validly called.

■ It is contended that the contracts which the city proposes to enter into, will create an indebtedness, and that under chapter 319 of the Code (section 6238 et seq.) the city may only incur an indebtedness for the purpose of erecting an electric light and power plant when authorized by an election called by the third method above referred to. The question whether the obligation of the proposed contracts is or is not an indebtedness has been ably and extensively argued. But the solution of that problem is entirely immaterial to the question whether the election was validly called. An election may be validly called by either of the methods referred to. But the powers conferred by an election called under one method may be vastly different than those conferred by an election called under another method. The injection of the indebtedness question does not involve the validity of the election. It goes to the powers conferred by the election.

■ The fact of the matter is, it is entirely immaterial whether the obligation of the proposed contracts will or will not be an indebtedness of the city. By the provisions of chapter 319, the city may not incur an indebtedness for the construction of an electric light plant unless authorized to do so at an election called by the third method. It may be conceded that under such chapter the city cannot enter into the proposed contracts, without any effect on the determination of this case. The enactment of chapter 319 did not exhaust or restrict the power of subsequent legislatures to permit cities to erect electric light plants or to contract for their construction. A subsequent legislature has exercised such power. The Forty-fourth General Assembly has specifically authorized the city to enter into such contracts. Under such authorization the city may proceed regardless of whether the obligation of the proposed contracts is or is not an indebtedness.

The matter under consideration in this division of the opinion is free from doubt, but it may be noted, in passing, that the Act

of the Forty-fourth General Assembly, authorizing the city to enter into the proposed contracts, contains this language: "Nothing contained in the last two preceding sections shall be construed as authorizing an establishment of a plant without an election as required by *section 6131.*" Section 6131 immediately precedes the section authorizing the council to call the election on its own motion. Sections 6131, 6132, and 6134, are parts of chapter 312 of the Code. The act of the Forty-fourth General Assembly, just referred to, is, by its terms, an amendment to section 6134. These matters lead to the conclusion that the legislature intended that the city might proceed under the provisions of chapter 312.

We hold that the election was validly called.

 II. This brings us to the question whether the ballot used was sufficient to sustain the election.

In view of what we have said under the preceding division of the opinion, it is obvious that objections to the ballot on the grounds that it did not contain details required by the provisions of section 6245, of chapter 319 of the Code, must be overruled. The election was held under chapter 312 of the Code, and the ballot, in consequence, need not conform to the special requirements of chapter 319.

It is said that the ballot does not conform to the requirements of sections 761, 762, and 763 of the Code. Code sections 761, 762, and 763 are the provisions of the general election laws in relation to ballots for the submission of public measures. The objection to the ballot is that the measure to be voted on was not printed in full on the ballot, notwithstanding the fact that the sections referred to require that the measure be printed in full on the ballot. The question printed on the ballot is as follows:

" 'Shall the City of Corning, Iowa, establish, erect and construct, a municipal electric light and power plant at a cost of not to exceed the sum of $160,000.00, to be paid for out of the future earnings of said plant?' "

It is conceded by the parties that the city of Corning contemplated proceeding with the construction of the plant under the provisions of Code sections 6134-d1 to d7. Section 6134-d3 provides:

"And such proposition when submitted to an election shall state the maximum amount which may be expended for the establishment, construction, or acquisition of such plant."

508

This provision of the law was complied with. The sections contain provisions concerning the contents of the contract and the notice to be given and manner in which the contract shall be entered into. Any "contract" that might be printed on the ballot would in all probability prove to be other and different from the one finally entered into, and would be a deception to the voters regardless of the good faith of the officers preparing the ballot. The matters which appellees insist should be printed upon the ballot will come into being another day. Under the law the contract will be the product of the future. Neither the contract nor its substance can be printed on the ballot before the contract exists. It is contended that many details of the construction of the plant, and the manner of its operation and methods of accounting, and manner of financing, were essential elements of the ballot. Such matters, like the contract, will be products of the future. We hold that the ballot was sufficient in form. See, as lending some support to such holding, Incorporated Town of Mapleton v. Iowa Light, Heat & Power Co., 206 Iowa 9, 216 N. W. 683. We have not overlooked McLaughlin v. City of Newton, 189 Iowa 556, 178 N. W. 540, and similar cases, in which we have held that the ordinance constituting a franchise must be printed on the ballot, when the granting of a franchise is initiated by the council. It is of course obvious that when such proceedings are initiated by the council the recipient of the franchise is known and no good reason exists for not working out the details of the proposed franchise prior to its submission to the people. The difference between working out a franchise ordinance, acceptable to the grantee and the council, and working out plans for a plant and a contract for its construction and payment acceptable to an undetermined second party, of which notice must be given and to which the public has a right to object, is on the face of things, very great. The one is possible. The other is impossible. Our holding in the case at bar takes account of such impossibility. The legislature has authorized cities to erect electric light plants under a scheme by which much of the detail must be worked out after the venture is undertaken. In the very nature of things, such matters are not details of a present proposition. We hold that the ballot used was sufficient.

The cause is remanded to the trial court for the entry of a decree dismissing plaintiffs' petition. A motion to strike appellant's

brief and argument was submitted with the case. The motion is overruled.—Reversed and remanded.

ALBERT, C. J., and STEVENS, KINDIG, and DONEGAN, JJ., concur.