C. W. PENNINGTON et al., Appellees, v. FAIRBANKS, MORSE & COMPANY, et al., Appellants.

No. 42166.

MARCH 6, 1934.

W. R. McClure, and Clark, Byers, Hutchinson & Garber, for appellants.

Sager & Sweet, and Hurd, Lenehan, Smith & O'Connor, for appellees.

Kindig, J.—On February 23, 1932, the town council of Sumner, Iowa, by resolution, authorized a special election to be held March 24, 1932, for the purpose of determining whether or not the town should "purchase and operate" its own electric light and power plant. In that resolution, and as a part thereof, the town council authorized the submission, to the electors of the town at said special election, the following public question: "Shall the Town of Sumner, Iowa, establish, erect, extend, purchase, maintain and operate, within or without its corporate limits, an electric light and power plant with all the necessary poles, wires, burners, machinery, apparatus, and other requisites of said plant, with the right to sell or lease the current generated by said light and power plant and to construct and maintain the necessary transmission lines therefor, either within or without the corporate limits of the Town of Sumner, Iowa, at a maximum expenditure of $95,000.00."

A notice of the special election was given to the electors of the town. This notice, when setting forth the nature of the public question to be determined, described such question in the exact language of the resolution, as above quoted. Accordingly, the public question to be voted upon at such special election was printed upon the ballots for that election in the exact language as that contained in the resolution previously set forth. At the special election, a large majority of the electors voted in favor of the proposition, and there-

fore the council, when canvassing the votes, declared that the proposition was duly carried.

So, on July 19, 1932, thereafter, the town council at a special meeting resolved "to (receive bids and) adopt proposed plans and specifications and proposed form of contract." To carry out that purpose, the council fixed August 25, 1932, as the date on which such bids and form of contract would be considered. Due notice of the council's plan and purpose was given by the clerk. When the council met upon the occasion contemplated, it received bids from various contractors. It appears that the bids submitted to the town council ranged from a minimum of $82,968 to a maximum of $94,910. The bid of the defendant-appellant Fairbanks, Morse & Company, a corporation, was $94,567. This bid was accepted by the town council. Whereupon a contract was entered into between the defendant-appellant town of Sumner, and the appellant Fairbanks, Morse & Company, a corporation, under which it was agreed that the Fairbanks, Morse & Company was to establish and erect a municipal light and power plant, which would be paid for "solely out of the net earnings of the electric light and power plant."

Therefore, on September 26, 1932, C. W. Pennington, H. H. Neimann, F. C. Oltrogge, F. J. Bartels, and E. F. Peohler, citizens, property owners, and taxpayers in the town of Sumner, and the Central States Power & Light Corporation, a corporation, a taxpayer and user of electricity in said town, the plaintiffs-appellees, commenced an action to enjoin Fairbanks, Morse & Company, a corporation, town of Sumner, Iowa, a municipal corporation, Henry C. Frank, mayor thereof, E. A. Wismer, clerk thereof, and William Weiskirch, Harley Wescott, W. J. Hughes, John D. Hochberger, and George Reif, members of the town council of said town, from carrying out the terms of said contract and establishing the aforesaid electric light and power plant. An injunction is asked by the appellees on many grounds. We find it, however, unnecessary to discuss but one of those grounds. It is that the public question to be voted upon at the special election, and which is the foundation for the establishment of the municipal light and power plant in the town, was not sufficiently set out in the ballot submitted to the electors of the town at the special election. When referring to an analogous question, we said in Wyatt v. Town of Manning et al., 217 Iowa 929, 250 N. W. 141, reading on page 933:

"While the public question need not be set forth on the ballot 'in haec verba' (O'Keefe v. Hopp, 210 Iowa 398, local citation 405, 228 N. W. 625, 628), yet enough shall appear at least to clearly indicate the proposition which is being submitted to the electors. Lee Electric Co. v. City of Corning, 199 Iowa 680, 202 N. W. 585; McLaughlin v. City of Newton, 189 Iowa 556, 178 N. W. 540; O'Keefe v. Hopp, supra. See sections 761, 762, and 763 of the 1931 Code."

To the same effect, see Greaves v. City of Villisca, 217 Iowa 590, 251 N. W. 766.

As an indication of the strictness of the law in requiring that the voters be fully informed of the method to be pursued in financing a municipal plant so that it may be determined whether there is to be taxation or the appropriation of the town's property, we quote the following excerpt from the Greaves case, reading on page 594 of the Iowa Reports:

"Of course, if the proposition were to pay for the new plant out of past earnings of an old plant, the situation would be different from the one presented in the case at bar. A taxpayer would be interested in knowing whether moneys already in the city treasury were to be taken therefrom and used to improve or purchase a new plant. Indirectly, at least, the taxpayer would be affected in such event. Therefore, if the proposition is to take such money out of the city treasury and use it to pay for the new plant, such proposal should be set forth in the public measure to be submitted to the people. See O'Keefe v. Hopp, 210 Iowa 398, 228 N. W. 625; McLaughlin v. City of Newton, 189 Iowa 556, 178 N. W. 540. Likewise, if the city already owns an electric plant and proposes to add thereto or build a new one by securing the purchase price of the addition or the new plant by a pledge of, or a mortgage on, the old plant, the taxpayer would be interested in the proposition. If, for instance, the mortgage on the old plant were foreclosed, that amount of property would be taken from the city, and the taxpayer thereof, at least inferentially, would be affected by the loss of such mortgaged property. In the event contemplated, the city already owned the old plant. So, if the contemplated mortgage thereon were foreclosed the property already belonging to the city would be taken therefrom on the obligation. Then if the public measure contemplates such mortgage on property already owned by the city, the

ballot should set forth the proposition. See O'Keefe v. Hopp (210 Iowa 398, 228 N. W. 625), supra, and McLaughlin v. City of Newton (189 Iowa 556, 178 N. W. 540), supra."

At this juncture, it is argued by the appellants that they proceeded to establish a municipal electric light and power plant under sections 6134-d1, 6134-d2, and 6134-d3 of the 1931 Code, known as the "Simmer Law." But there is nothing in the ballot which was submitted to the electors of the town to indicate that the appellants were proceeding under that law. In fact, there was nothing in the ballot to inform the voters of the town in what manner or way the expense of establishing the municipal plant was to be met. There are, generally speaking, two ways in which an electric light plant in a town could be established. Under the one method, the procedure shall be that outlined by sections 6127 and 6241 of the 1931 Code; while under the other method the procedure shall be that authorized by the Simmer Law.

The maximum cost of the proposed municipal plant, according to section 6134-d3 of the 1931 Code, above mentioned, must be set forth on the ballot submitted to the electors. This was done on the ballot in question. Consequently, it is argued by the appellants that such ballot would indicate to the electors that the municipality intended to establish the plant under the Simmer Law. Manifestly, this contention cannot be sustained, because, if the city were proceeding under section 6127 of the 1931 Code, above mentioned, which is not the Simmer Law, section 6241 of that Code, above referred to, would then require that "no such indebtedness shall be incurred unless authorized by an election." If the council of the town desired the electors to authorize an indebtedness to establish a plant under section 6127 of the Code, the maximum of such indebtedness necessarily would be set forth on the ballot. Hence, the ballot actually submitted to the electors in the case at bar did not indicate to them which method would be pursued by the council in financing the plant, merely because the maximum of the cost was set forth on the ballot.

According to the Simmer law, with the exception noted in Greaves v. City of Villisca, supra, there is, generally speaking, to be no taxation and no general obligation of the city in financing and paying for the municipal plant (Wyatt v. Town of Manning, supra; Greaves v. City of Villisca, supra) ; while under the method con-

templated by sections 6127 and 6241 of the Code a general obligation of the city and the taxation of property owners to pay the expense of the plant is intended. See the Wyatt and Greaves cases, above cited.

So, in the case at bar, the electors of the town in question had no way of knowing under which method the plant was to be established. As a result of this lack of knowledge on the part of the electors, they, by voting at the election, did not authorize the establishment of a plant according to either method here under consideration. The election resulted in a nullity because the public measure was not printed "in full upon a separate ballot preceding the words 'shall the following public measure be adopted' ", as required by sections 761, 762, and 763 of the 1931 Code.

Plainly, therefore, the facts in this case are not analogous to the facts involved in Hogan v. City of Corning, 217 Iowa 504, 250 N. W. 134; Wyatt v. Town of Manning, supra, and Greaves v. City of Villisca, supra. But, rather, the facts here are analogous to those discussed in O'Keefe v. Hopp, supra, McLaughlin v. City of Newton, supra, and the exception above noted in Greaves v. City of Villisca, supra.

Without doubt, then, the district court properly issued the injunction, and the judgment and decree of that court must be, and hereby is, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.