HY BRUTSCHE et al., Appellants, v. INCORPORATED TOWN OF COON RAPIDS et al., Defendants, Appellees; FAIRBANKS-MORSE CONSTRUCTION COMPANY, Intervener, Appellee.

No. 42744.

1074

OCTOBER 23, 1934.

REHEARING DENIED DECEMBER 13, 1934.

Salinger, Reynolds & Meyers, and Harry Wifvat, for appellants.

George A. Rice, and Helmer & Minnich, for appellees.

William L. Hassett, for intervener-appellee.

KINDIG, J.—At an election held February 15, 1934, the electors of the Incorporated Town of Coon Rapids voted favorably on the following public measure: "Shall the Town of Coon Rapids, Carroll County, Iowa, establish, erect and construct a municipal elec-

tric light and power plant at a cost of not to exceed the sum of $114,000.00, to be paid out of the future earnings of said plant?"

Thereafter, within due time, the town of Coon Rapids, in accordance with sections 6134-d4 to 6134-d7, both inclusive, of the 1931 Code, proceeded to take bids preliminary to the letting of a contract for the establishment of the electric light and power plant, as previously authorized by the electorate of the town.

On the following 27th day of March, the plaintiffs-appellants, Hy Brutsche, W. E. Lee, and J. A. Newcomm, commenced the present proceedings to enjoin the town, its mayor, its clerk, and its council from meeting "to consider and from considering bids invited" under the statutes above mentioned, on the theory that the proper statutory invitations to bidders in connection with the construction of such an electric light and power plant had not been given. During the litigation, the appellee, Fairbanks-Morse Construction Company, the successful bidder on the contemplated construction of the electric light and power plant in Coon Rapids, intervened and became a party to the action. The district court refused the injunction. From that judgment, the appellants appeal.

 Many issues are raised on this appeal, but we find it necessary to consider but one of them. This one is the issue which forms the basis for the injunction sought by the appellants, to wit, that the invitation to bidders was not sufficient. When inviting bids, the town gave notice that it would construct an electric light and power plant and distribution system in accordance with certain plans and specifications. Also the town, in its invitation, asked for a bid on electric energy at wholesale to be used by the town and its inhabitants. Generally speaking, then, the town asked for bids on two items. These items were: First, the electric light and power plant and distribution system as a whole; and, second, electricity at wholesale for the town and its inhabitants.

According to the appellants, the invitation to bidders was insufficient because it did not contain the kinds and number of invitations contemplated by statute. It is said by the appellants that invitations to bidders on the two items above enumerated were not sufficient. They argue that bids should have been taken on many additional items. In order that we may fully set forth the appellants' contentions at this juncture, we quote their claims in that regard as follows:

"That since this Town had no facilities for distribution it was its duty to secure by{such competitive bids information as to the cost of securing energy at a rate fixed in the contract for construction of generating and distributing facilities; the cost of such distributing facilities; the cost of energy at wholesale and of facilities for its distribution at retail after its purchase at wholesale, and the cost of having such energy furnished at retail to consumers including the town, and that when it had; thus secured the right to consider what plans should be adopted or contract made, it was its duty at the meeting fixed in said invitation to determine in the exercise of an honest discretion whether it was more advantageous to (a) purchase or construct a plant for generating and a system for distributing such energy to consumers, including itself, at the price and rates fixed by contract, or (b) to purchase facilities for such distribution and contract for delivery of such energy to itself at wholesale, and resell the same at retail to consumers, including itself, by means of such distributing facilities or system, or (c) contract with someone to furnish and deliver such energy at retail to consumers, including itself."

For the purpose of summarizing, it may be said that the appellants insist that bids on the following items were essential: First, a used generating system; second, a used distribution system; third, a new generating system; fourth, a new distribution system; fifth, electric energy at wholesale; and, sixth, electric energy at retail. Therefore, it is apparent that the appellants would have the town take bids on many items relating to the establishment of the public utility in question which were not authorized in the ballot submitted to the electorate, as contemplated in sections 6131 and 6134-d3 of the 1931 Code.

But it is contended by the appellants that in the case of Van Eaton v. Town of Sidney, 211 Iowa 986, reading on page 989, 231 N. W. 475, 71 A. L. R. 820, this court declared the powers of a municipality to be as follows:

"A municipality is wholly a creature of the legislature, and possesses only such powers as are conferred upon it by the legislature; that is (1) such powers as are granted in express words; or (2) those necessarily or fairly implied in or incident to the powers expressly conferred; or (3) those necessarily essential to the ident-

ical objects and purposes of the corporation as by statute provided, and not those which are simply convenient."

So the appellants maintain that the powers of a municipality to establish an electric plant and distribution system are necessarily limited to the enabling statutes and certain inferences to be drawn therefrom, in accordance with the Van Eaton case. Among these limitations relied upon by the appellants is the one having to do with the advertising for bids on the basis of fair competition. See Iowa Electric Light & Power Company v. Incorporated Town of Grand Junction, 216 Iowa 1301, 250 N. W. 136. On the basis of this foundation, the appellants then conclude that sections 6134-d1 to 6134-d7 of the 1931 Code make necessary in the case at bar the invitations for bids on at least the six items above enumerated. This conclusion is necessary, the appellants argue, especially because of sections 6134-d5 and 6134-d6 of the 1931 Code. The several sections of the Code here before mentioned are as follows:

"6134-d4. Before any municipality shall enter into any such contract as provided in section 6134-d1, for the establishment of a plant, or for the extension or improvement of an existing plant, to cost five thousand dollars or more, the governing body proposing to make such contract shall give thirty days' notice of its intention to adopt proposed plans and specifications and proposed form of contract therefor, by publication once each week for two consecutive weeks in some newspaper of general circulation in the municipality and also in some newspaper of general circulation in the state of Iowa, the first publication of which shall be at least thirty days prior to the time of hearing fixed in said notice.

"6134-d5. Such notice shall state as nearly as practicable the extent of the work; the kind of materials for which bids will be received; when the work shall be done; the time when the proposals will be acted upon; *and shall also provide for competitive bids for the furnishing of electrical energy, gas, water or heat.* (The italics supplied.)

"6134-d6. Pursuant to said notice and at such time and place as is fixed therein the governing body shall consider the said plans and specifications, form of contract, and offers and propositions submitted in connection therewith, *also any bids for the furnishing of electrical energy, gas, water, or heat, together with any objections thereto by an interested party, and at such hearing or any adjourn-*

*ment thereof, shall have the power to adopt such offer or offers, propositions, or bids, and enter into such contract or contracts, as they shall deem to be to the best interest of the municipality.* (Italics supplied.)

"6134-d7. The clerk or recorder of said municipality shall keep a written record of the proceedings which shall contain a record of the bids or propositions offered, the names of the persons submitting the same, the names of any person or persons appearing as objectors thereto, with a brief statement of such objections, and a record of all actions of the governing body with relation to such proceedings."

The italicized portions of sections 6134-d5 and 6134-d6 are especially relied upon by the appellants. They argue that there must be bids for electrical energy both on the basis of retail and wholesale prices, and that therefore it would be folly to take bids on electricity either on the basis of wholesale or retail if there is not to be a separate distribution system over which to conduct the electricity to the users thereof. Many other analogous arguments are here made by the appellants. It is very evident, however, that in making these arguments the appellants have overlooked some fundamental considerations. In the first place, sections 6134-d1, 6134-d2, and 6134-d3 of the 1931 Code, known as the Simmer Law, relate necessarily to sections 6127 and 6130 of the 1931 Code. Sections 6127 and 6130 contain the following provisions:

"6127. Cities and towns shall have the power to purchase, establish, erect, maintain, and operate within or without their corporate limits, heating plants, waterworks, gasworks, or electric light or power plants, with all the necessary reservoirs, mains, filters, streams, trenches, pipes, drains, poles, wires, burners, machinery, apparatus, and other requisites of said works or plants, and lease or sell the same.

"6130. They may enter into contracts with persons, corporations, or municipalities for the purchase of heat, gas, water, or electric current for either light or power purposes, for the purpose of selling the same either to residents of the municipality or to others, including corporations, and shall have power to erect and maintain the necessary transmission lines therefor, either within or without their corporate limits, to the same extent, in the same manner, and under the same regulations, and with the same power to establish

rates and collect rents, as is provided by law for cities having municipally owned plants."

In brief, section 6127 of the Code provides for the establishment of an electric light and power plant, plus a distribution system; while section 6130 provides that towns may purchase electricity and may establish a distribution system therefor. Section 6134-d1 merely authorizes that the improvements contemplated by sections 6127 and 6130 shall be financed in accordance with the methods well known under the Simmer Law. See Wyatt v. Town of Manning, 217 Iowa 929, 250 N. W. 141; Greaves v. City of Villisca, 217 Iowa 590, 251 N. W. 766; Pennington v. Fairbanks, Morse & Co., 217 Iowa 1117, 253 N. W. 60. The electric light and power plants, with their distribution systems, named in section 6127, and the electric current for light and power purposes and the distribution system therefor, mentioned in section 6130, cannot be acquired without the authority of the electorate expressed at an election, as contemplated by section 6131 of the 1931 Code. See Iowa Electric Co. v. Incorporated Town of Winthrop, 198 Iowa 196, 198 N. W. 14. Such authority of the electorate must be obtained, according to section 6134-d3 of the Code, when the establishment of the improvement or purchase of the electricity is to be made, as in the case at bar, under section 6134-d1 of the Simmer Law. Consequently, when the invitations for bids contemplated by section 6134-d4 to section 6134-d7, both inclusive, above quoted, are formulated, they must be confined to the improvement or electrical purchase named in sections 6127 and 6130, and authorized by the election contemplated by sections 6131 and 6134-d3. To illustrate, the legislature said in section 6134-d4 above quoted: "Before any municipality shall enter into any such contract as provided in section 6134-d1," etc., it must advertise for bids. The word "such" refers back to the contracts named in section 6134-d1, which section, as before said, again refers back to the matters contemplated in sections 6127 and 6130, as authorized by the electorate under sections 6131 and 6134-d3 of the Code. Otherwise the city council would be enabled to usurp power not authorized by the electorate.

 ·In order that there may be no misunderstanding, the reader's attention is especially directed to the fact that what has been said above in relation to the purchase of electrical energy under the Simmer Law had to do merely with the issues presented upon

this appeal. We do not decide whether, in any event, section 6134-d1, even when read with sections 6134-d5 and 6134-d6, is broad or definite enough to permit the financing under the Simmer Law of the purchase of electrical energy, as authorized by section 6130. Nor do we decide or suggest whether the legislation relating to the purchase of electrical energy in sections 6134-d5 and 6134-d6, when considered with section 6134-d1, is a nullity because of indefiniteness, uncertainty, or unworkableness. But we do decide that the legislature clearly intended that no bids should be taken on electrical energy, as contemplated by sections 6134-d5 and 6134-d6, unless the purchase thereof can be financed under section 6134-d1. Everything contained in sections 6134-d5 and 6134-d6 was enacted for the purpose of carrying out the financing schemes under the Simmer Law. These sections were not intended by the legislature to stand as independent legislation separated from the Simmer Law. Otherwise sections 6134-d5 and 6134-d6 would authorize, contrary to sections 6131 and 6134-d3, the purchase of electricity without a vote of the people. There is no indication that the legislature, by enacting sections 6134-d5 and 6134-d6, relating to the purchase of electricity, intended to repeal, in whole or in part, sections 6131 and 6134-d3. If the legislation in sections 6134-d5 and 6134-d6, concerning the purchase of electricity, is not expressly or impliedly covered by section 6134-d1, then it is void because of uncertainty, indefiniteness, and unworkableness. See Davidson Building Co. v. Mulock, 212 Iowa 730, 235 N. W. 45. With the above reservations in mind, we continue the discussion.

An examination of the ballot in the case at bar will reveal the fact that the electorate did not authorize the town of Coon Rapids to purchase the electricity or establish a separate distribution system, contemplated by section 6130 of the Code. As a matter of fact, the ballot contemplated nothing unless it is the establishment of an electric light and power plant, including the distribution system, as authorized by section 6127 of the Code. It is not claimed by the appellants that the ballot was so indefinite as not to authorize the establishment of any kind of a public improvement. Their complaint relates entirely to the form of invitation to bidders after a due authorization by the electorate. Because the only improvement authorized was that contemplated by section 6127, it follows as a necessary conclusion that the invitation to bidders likewise must be limited. There would be no need to take bids on something for

which the town is not authorized to contract. The town did take bids on that for which it was authorized by the electorate to contract, to wit, an electric light and power plant together with a distribution system, as outlined in section 6127 of the Code. Nothing else was involved. No authority was given to the town by the electorate to purchase a used electric light and power plant. Nor was any authority given to the town by the electorate to purchase a used distribution system. Moreover, as before said, the electorate did not authorize the town to establish a distribution system separate from the generating plant, and the electorate likewise failed to authorize the town to establish a generating plant separate from a distribution system. Furthermore, the electorate did not authorize the town to purchase electricity, as contemplated by section 6130 of the Code.

This conclusion is inevitable, even when we consider the italicized portions of sections 6134-d5 and 6134-d6, above set forth. In section 6134-d5 it is said, according to the italicized part:

"(That the notice) shall also provide for competitive bids for the furnishing of electrical energy, gas, water or heat."

Likewise, it is provided in section 6134-d6 that the town may accept such a bid for the electrical energy, 'gas, water, or heat. Necessarily, however, the town would not need to take a bid on the electrical energy if it were not authorized to purchase such energy, as contemplated under sections 6130 and 6131.

Although in section 6134-d5 the legislature, as indicated by the italics before quoted, provided that the invitations to bidders "shall also provide for competitive bids for the furnishing of electrical energy, gas, water or heat", yet in construing that sentence, together with the matters before referred to in italics in section 6134-d6, a reasonable, as distinguished from a ridiculous, construction must be sought. State v. McGraw, 191 Iowa 1090, local citation 1093, 183 N. W. 593; Trainer v. Kossuth County, 199 Iowa 55, local citation 59, 201 N. W. 66. The goal to be reached when construing a statute is the intent of the legislature. See section 63 of the 1931 Code. All parts of an act are to be construed, if possible, so as to harmonize the various provisions and give force and effect to each. In re Van Vechten's Estate, 218 Iowa 229, 251 N. W. 729; Dorsey v. Bentzinger, 209 Iowa 883, local citation 889, 226 N. W. 52. Each part of a statute must be preserved if reasonably possible. Ryerson v. National Fire Ins. Co., 213 Iowa 524, 239 N. W. 64.

So it is in the light of these rules that we must construe sections 6134-d5 and 6134-d6, many times mentioned. Sections 6134-d4, 6134-d5, and 6134-d6 are necessarily general in their provisions in order to cover all the contracts contemplated by section 6134-d1, known as the Simmer Law. If, under section 6134-d1, the contract is to establish the kind of an electric light and power plant, together with the distribution system contemplated by section 6127 of the Code, when advertising for bids under sections 6134-d4, 6134-d5, and 6134-d6, the town would not need to include anything but that particular work. That, in fact, in the case at bar, was the only contract authorized by the electorate, as contemplated by sections 6131 and 6134-d3 of the Code. Such, then, would be the only contract upon which bids could be taken under sections 6134-d4, 6134-d5, and 6134-d6. In view of the fact that the town has been authorized to establish only an electric light and power plant, together with a distribution system, there would be no need of taking bids on all the many other items proposed by the appellants.

It is true, as argued by the appellants, that section 6134-d5, among other things, provides that the town in its notice "shall also provide for competitive bids for the furnishing of electrical energy, gas, water or heat", yet that does not mean that when the town is not authorized to purchase electrical energy it must, nevertheless, advertise for electrical energy. Emphasis is placed by the appellants upon the words in the last-named sentence, to wit, "shall also". When interpreting those words, however, consideration must be given to the harmony of the entire statutes involved. As a matter of fact, the construction demanded by the appellants would require that bids must be taken not only on electrical energy, but on gas, water, and heat as well. Of course, we cannot say that the legislature intended that the town, when constructing an electric light and power plant, together with the necessary distribution system, must, when taking bids therefor, include gas, water, and heat.

A fair construction of sections 6134-d5 and 6134-d6 compels the conclusion that the various provisions relating to proposals must be read reasonably in relation with the particular contract authorized under section 6134-d1 of the Code. It becomes apparent when this is done that the town in the case at bar properly advertised for bids on an electric light and power plant, together with a distribution system, without taking bids on the many other items requested by the appellants. The district court, as before said, held that the

proposal for bids was sufficient. We agree with the lower court in that respect.

Wherefore, the judgment of the district court must be, and hereby is, affirmed—Affirmed.

MITCHELL, C. J., and EVANS, STEVENS, ALBERT, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.